## LIST OF DEFENDANTS

N. B. ALL DEFENDANTS ARE EMPLOYED AT SCI-GREENE, 175 PROGRESS DRIVE, WAYNESBURG, PA, 15370-8082

15-1031

| NO. | NAME | JOB TITLE |
|-----|------|-----------|
| 1. | ROBERT D. GILMORE | WARDEN |
| 2. | MS. TRACY SHAWLEY | WARDEN'S ASSISTANT |
| 3. | S. P. DURCO | R.H.U. COMMANDER |
| 4. | P. E. BARKEFELT | R.H.U. LIEUTENANT |
| 5. | A. J. MORRIS | RHU LIEUTENANT |
| 6. | Lt. WILLIAMS | RHU LIEUTENANT |
| 7. | SGT. CRABLE | G BLOCK SERGEANT |
| 8. | J. M. SMITH | G BLOCK SERGEANT |
| 9. | ROBERT NELSON | CORRECTIONS OFFICER |
| 10. | T. S. OSWALD | " " |
| 11. | MR. COMER | " " |
| 12. | T. I. BENNETT | G BLOCK PROPERTY OFFICER |
| 13. | ROBERT HENDRICKS | CORRECTIONS OFFICER |
| 14. | OFFICER CODDY | " " |
| 15. | OFFICER HEGEITER | " " |
| 16. | D. FARRIER | " " |
| 17. | M. STUMP | " " |
| 18. | OFFICER, MS. TAIT | " " |
| 19. | J. D. SUHAN | " " |
| 20. | IRMA VIHLIDAL | HEALTH CARE ADMINISTRATOR |
| 21. | BYUNGHAK JIN | MEDICAL DIRECTOR |
| 22. | M. PARK | DOCTOR |
| 23. | P. DASCANI | " |
| 24. | MARY COMER | PHYSICIANS' ASSISTANT: PACS |

STATEMENT OF CLAIMS

(11)

2:15-1031  W. V. G.

FILED
OCT 22 2015
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

LIST OF DEFENDANTS

| NO. | NAME | JOB TITLE |
|---|---|---|
| 25. | Ms. E. MATTES | PHYSICIANS ASSISTANT |
| 26. | MS. ELON MWAURA | ' " |
| 27. | OFFICER ██████ DENNISON (BIOLOGICAL BROTHER TO J.L. DENNISON) | CORRECTIONS OFFICER |

#4   No Fee/No IFP   15BE/KCC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON
PLAINTIFF

V.

ROBERT D. GILMORE
Defendants et al.

CIVIL ACTION NO. 15-1031

CIVIL COMPLAINT

**RECEIVED**

AUG – 7 2015

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

PLAINTIFF MOVES THIS COURT WITH A 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT

### I. INTRODUCTION:

(1) HENRY UNSELD WASHINGTON ("WASHINGTON") BRINGS THIS ACTION, CHARGING THAT THE PENN-SYLVANIA DEPARTMENT OF CORRECTIONS AND MANY OF ITS AFFILIATES AND OFFICERS LOCATED STATEWIDE AND AT SCI-GREENE ("DEFENDANTS") PERMITTED AND ENCOURAGED UNLAWFUL RETALIATION AGAINST WASHINGTON FOR HIS BRINGING LEGAL ACTION IN RESPONSE TO VIOLATIONS OF HIS CIVIL RIGHTS.

(2) ADDITIONALLY, WASHINGTON ALLEGES THAT DEFENDANTS FAILED TO PROTECT HIM FROM PHYSICAL AND SEXUAL ASSAULT, AND PERMITTED, ENCOURAGED, AND ENGAGED IN- DIRECTLY AND THROUGH NON-ACTION- SEXUAL AND PHYSICAL ASSAULT OF HIM, SEXUAL HARASSMENT, RELIGIOUS PRACTICE, FINALLY, PLAINT-IFF ALLEGES THAT DEFENDANTS DENIED HIM NECESSARY HEALTH CARE SERVICES

(3) WASHINGTON HAS EXHAUSTED ALL AVAILABLE INTERNAL ADMINISTRATIVE REMEDIES AND THUS RE-LIEF THROUGH THE COURTS IS HIS ONLY AVENUE FOR ADEQUATE REMEDY

### II. JURISDICTION: (4) THIS COURT HAS JURISDICTION PURSUANT TO 42 U.S.C. § 1331. PLAINTIFF CLAIMS

THAT DEFENDANTS HAVE VIOLATED RIGHTS PROTECTED BY THE FIRST, EIGHTH, AND FOURTEENTH AMEND-MENTS TO THE UNITED STATES CONSTITUTION. HIS CLAIM FOR DAMAGES IS BROUGHT PURSUANT TO 42 U.S.C. 1983

(5) VENUE IS PROPER UNDER 28 U.S.C. § 1391(B) BECAUSE ALL VIOLATIONS OF WASHINGTON'S RIGHTS

W.V. 6

(1)

As alleged herein occurred within the Western District of Pennsylvania

III. PARTIES

(6) Henry Unseld Washington is an adult male who is currently residing at the State Correctional Institution – Somerset (SCI-Somerset) in Somerset County, Pennsylvania

(7) Defendants are ~~█████████~~ employees of the Pennsylvania Department of Corrections at SCI-Greene, in Greene County, Pennsylvania and officials within the Pennsylvania Department of Corrections and Office of Prison Management

IV. FACTS

(8) Plaintiff Washington was first incarcerated in Pennsylvania in 1980 and was first held at SCI-Dallas, In 1994, he was moved to SCI-Greene

(9) During this time, he had his first problems with a group of guards that used to on going problems with prison authorities, This situation developed out of Washington umpiring a prison softball game between prisoners and guards, The prisoners won the game and guards responded through physical abuse of Washington, Prior to this incident for over fifteen years, Washington was a good prisoner with only minor misconducts on his disciplinary record

(10). Washington was transferred from SCI-Greene in 1997, but returned in 2009

(11). The staff of SCI-Greene were aware that Washington has on going litigation against prison officials. This includes Washington V. Folino, 2:11-CV-1046, filed in 2011; Washington V. Folino, No. 644 C.S. 2014, filed in 2014; Washington V. Grane, 455 F. appx 166 (3rd Cir 2011) filed 2008; Washington V. Klem, 497 F.3d 272 (3rd Cir 2007) filed in 2001, The latter of these is a deprivation of religious material, Guards at SCI-Greene are aware of both of these pieces of litigation.

(12). Washington is defined as a "paper pusher" by guards and staff at SCI-Greene, They respond to him with this in mind and have retaliated against him for filing those litigations against them personally -n- other SCI-Greene prison officials.

(13). In the course of these actions prison officials, including defendants, including Dr. Jin, Bennett, Oswald, stated that their actions were in response to Washington "suing

W V, G

(2)

ME", "ATTACKED THE RHU STAFF FAMILY", WHEN PLAINTIFF SUED ONE HE SUED THEM, TOO", AND "PENALIZE PLAINTIFF", THESE OFFICIALS OFTEN STATED THAT THEY WERE WORKING UNDER THE DIRECT ORDERS OF THEIR SUPERIORS IN CONNECTION TO WASHINGTON'S ON GOING LITIGATION, ONE PRISON OFFICIAL, M, PARK STATED "YOU'RE SUING MY FAMILY, HE'S ONLY PROTECTING HIS FAMILY"

(14). THE PRESENT ACTIONS TAKEN AGAINST WASHINGTON OCCURRED ONLY AFTER HE PURSUED LEGAL COMPLAINTS, GRIEVANCES, AND ACTIONS OF VARIOUS CONCERNS HE HAD, INCLUDING FILING A LEGAL ACTION FOR ACCESS TO HIS PERSONAL PROPERTY THAT WAS NECESSARY FOR HIS RELIGIOUS PRACTICE IN WASH-INGTON V. KLEM,

(15). PRISON OFFICIALS, INCLUDING DR. BYUNGHAK JIN, HAVE SEXUALLY HARASSED WASHINGTON, THIS OCCURRED ON NUMEROUS OCCASIONS, INCLUDING DURING AT LEAST ONE REQUEST FOR MEDICAL SERVICES

(16). PRISON OFFICIALS HAVE MADE SEXUAL AND LEW COMMENTS TOWARDS WASHINGTON IN AN EFFORT TO TO EMBARRASS, HARASS, AND UPSET HIM. FOR EXAMPLE, DR. JIN, SAID TO WASHINGTON IN 2013 DURING AN INSTANCE WHEN WASHINGTON WAS EXPERIENCING CLASSIC HEART ATTACK SYMPTONS, "WHAT YOU NEED IS A GOOD SCREWING"

(17). PRISON OFFICIALS, INCLUDING OFFICER T. S. OSWALD, HAVE ENGAGED IN UNWANTED TOUCHING AND BANTER OF A SEXUAL NATURE TOWARDS WASHINGTON, INCLUDING LEAVING WASHINGTON NUDE-N-SPRAWLED OUT ON THE FLOOR IN NEED OF IMMEDIATE MEDICAL CARE, LAUGHING AS THEY WALKED AWAY

(18). WHILE ESCORTING PLAINTIFF TO HIS CELL, ONE PRISON OFFICIAL, OSWALD, HAS RUBBED WASHINGTON' BUTTOCK IN AN UN WELCOMED WAY AND MADE LEWD MOANING SOUND IN WASHINGTON'S EAR, SIMULATING AN ORGASM,

(19). DURING SICK CALL, DR P. DASCANI, WHILE WASHINGTON WAS EXPERIENCING EMERGENCY NEEDS REQUESTED SEX FROM WASHINTON, DESPITE WASHINGTON BEGGING FOR MEDICAL CARE

(20). WASHINGTON SUFFERS FROM A VARIETY OF MEDICAL CONDITIONS, INCLUDING, WHIPPLE'S DISEASE, DEMENTIA, DAMAGED VOCAL CORDS, URETHRAL STRICTURE, IRREVERSIBLE FOOT FUNGUS, TESTOSTERONE DEFICIENCY, CHRONIC FATIGUE-N-DIFFICULTY CONCENTRATING. ACCORDING TO PRISON OFFICIALS, HE HAS HAD AT LEAST TWO HEART ATTACKS, HE IS GOING BLIND IN HIS RIGHT EYE.

(21). OVER THE PAST SIX YEARS, WASHINGTON HAS EXPERIENCED SUBSTANTIAL AND RAPID WEIGHT LOSS AS A RESULT OF HIS ON GOING HEALTH ISSUES.

(22). PRISON DOCTORS AND OTHER MEDICAL PROFFESIONALS ACKNOWLED WASHINGTON HEALTH W. V. 6

(3)

NEEDS AND BLATANTLY CHOSE TO IGNORE THEM. ONE PRISON DOCTOR TOLD WASHINGTON DIRECTLY THAT HE IS NOT GOING TO WASTE TIME ON HELPING HIM

(23). DR JIN, A PRISON DOCTOR WASHINGTON HAS HAD SEVERAL ISSUES WITH IN THE PAST, INSISTS ON BEING THE ONLY DOCTOR TO RESPOND TO ALL OF WASHINGTON'S ~~MEDICAL~~ REQUESTS FOR MEDICAL ASSISTANCE, DESPITE WASHINGTON'S REQUEST THAT HE NOT. MORE THAN ONCE HE HAS SEXUALLY AND PHYSICALLY ASSAULTED AND SEXUALLY HARASSED WASHINGTON. OTHER PRISONERS IN SOLITARY CONFINEMENT WERE TREATED BY MEDICAL STAFF OTHER THAN DR. JIN-N-DR. M. PARK UPON REQUEST, BUT WASHINGTON IS ROUTINELY DENIED

(24). DR. JIN-N-DR PARK INFORMED WASHINGTON THAT SUING PRISON'S MEDICAL STAFF AND HIM MEANS THAT HE WILL NOT BE HELPED WITH HIS MEDICAL CONDITIONS, PRISON OFF-ICIALS WHO ATTEMPTED TO ASSIST WASHINGTON, WITH HIS MEDICAL NEEDS INCLUDING A MS. JENNIFER TRIMAI, HAVE BEEN KEPT AWAY FROM WASHINGTON BY DR JIN-N-DR. PARK, AND UPON INFORMATION AND BELIEF, WARDEN GILMORE

(25). AT NO POINT HAS WASHINGTON EVER BEEN DISCIPLINED FOR VIOLENT BEHAVIOR, DRUGS, OR ANY OTHER SERIOUS CHARGE, NOR HAS HE EVER BEEN TRANSFERRED AS A RESULT OF A DISCIPLINARY ACTION

(26). OUTSIDE OF STAFF'S POTENTIAL PERCEPTION OF WASHINGTON'S PURSUIT OF JUSTICE FOR ALLEG-ED VIOLATIONS OF HIS CIVIL RIGHTS, WASHINGTON HAS BEEN A MODEL PRISONER ~~DURING~~ THE 30 PLUS YEARS OF HIS INCARCERATION WITH LIMITED WRITE-UPS

(27). DESPITE PLAINTIFF'S EXCELLENT PRISON RECORD WITH NO SIGNIFICANT DISCIPLINARY VIOL-ATIONS, WARDEN GILMORE HAS NONETHELESS KEPT WASHINGTON IN SOLITARY CONFINEMENT IN THE RESTRICTIVE HOUSING UNIT AT SCI-GREENE IN RETALIATION FOR WASHINGTON'S LITIGAT-ION ACTIVITIES. WASHINGTON LIVED IN EXTRAORDINARILY RESTRICTIVE CONDITIONS OF 23-24 HOURS SOLITARY CONFINEMENT. HE IS NOT PERMITTED TO PARTICIPATE IN ANY PROGRAMM-ING OR CONGREGATE ACTIVITY

(28). WASHINGTON EATS ALL MEALS IN HIS CELL

(29). WASHINGTON IS SUBJECTED TO SEVERE RESTRICTIONS ON HIS VISITS, PHONE CALLS, PROPERTY, AND COR-RESPONDENCE

(30). EVERYTIME WASHINGTON EXITS HIS CELL HE IS FORCED TO UNDERGO A HUMILIATING VISUAL STRIP SEARCH AND MORE THAN ONCE FLUID, CONDIMENTS, DISINFECTANTS, AND TOBACCO

W.V.G                                          (4)

CHEW HAS BEEN SPLASHED ON HIS GENITALS DURING THESE INSPECTIONS

31). DURING AT LEAST ONE OF SICK CALL RESPONSE DR. JIN, AND DR. DASCANI ~~FOR~~ INSTRUCTED WASH-INGTON TO STRIP SEARCH -N- DO SEXUAL POSES, WHILE EXPERIENCING HEALTH SYMPTOMS THAT WOULD REQUIRE EMERGENCY MEDICAL CARE.

32). THE SOCIAL ISOLATION, LACK OF ENVIRONMENTAL STIMULATION, AND STRESS CAUSED BY SUCH RESTRICTIVE LIVING ~~CONDITIONS~~ CONDITIONS ARE EXACERBATING MENTAL AND PHYSICAL HEALTH CON-DITIONS.

33). WASHINGTON WAS BEING KEPT IN LONG TERM SOLITARY CONFINEMENT WITHOUT A LEGITIMATE PENOLOGICAL JUSTIFICATION, HE, IN EARLY 70's, NO HISTORY OF VIOLENCE, AND NUMBER OF SER-IOUS HEALTH ISSUES

34). PRISON ADMINISTRATION, INCLUDING WARDEN GILMORE, HAVE BEEN REPEATEDLY ALERTED TO THOSE ON GOING ISSUES, THIS INCLUDES, BUT IS NOT LIMITED TO, PLAINTIFF'S FILING INTERNAL COMPLAINTS THROUGH THE GRIEVANCE SYSTEM; PLAINTIFF VERBALLY INFORMING THEM OF HIS ON GOING CONCERNS AND ASKING THEM TO STOP; THROUGH COMPLAINTS FILED IN FEDERAL COURT THAT OUTLINE PRIOR ISSUES THAT HAVE NEVER BEEN RECTIFIED

35). WARDEN GILMORE HAS BEEN DIRECTLY INVOLVED IN THESE ~~WE~~ ON GOING ISSUES THROUGH A LACK OF RESPONSE AND BLATANT INDIFFERENCE TO WASHINGTON'S PERSONAL AND MENTAL WELL BEING

V. CAUSES OF ACTION

COUNT I - RETALIATION

36). THE STATEMENT OF CLAIMS, AND PARAGRAPHS 1 THROUGH 35 ARE INCORPORATED BY REFERENCE-~~OF~~

37). THE CONDUCT WHICH LED TO THE RETALIATION AGAINST WASHINGTON IS A COMBINATION OF WASHINGTON'S ATTEMPT TO ACCESS THE COURTS TO ADJUDICATE ON GOING CIVIL RIGHTS CONCERNS, PROTECTED UNDER THE FIRST, EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUT-ION', AND HIS EFFORTS TO FULLY ENGAGE WITH HIS RELIGIOUS BELIEFS, AS REENFORCED THROUGH A SETTLEMENT AND PROTECTED UNDER 42 USC 2000cc, AND THE FIRST AMENDMENT OF THE CON-STITUTION

38). PRISON OFFICIALS AT SCI-GREENE, ALL STATE ACTORS SUBJECTED WASHINGTON TO ADVERSE ACTIONS.

39). THESE ADVERSE ACTIONS INCLUDED, BUT ARE NOT LIMITED TO, SEXUAL AND PHYSICAL ASSAULT, DENIAL OF MEANINGFUL HEALTH CARE, ACCESS TO COURT, BASELESS DISCIPLINARY WRITE

WV. B

ups, derogatory and racist language, denial of religious practice

40. Washington's conduct pursuing his constitutional rights was reasonable

41. A reasonable person would be likely to be deterred from pursuing their rights under these conditions

42. The actions of these prison officials were directly in response to Washington's attempt to pursue his constitutional rights

43. A causal link exists between Washington's pursuit of his constitutional rights and the adverse actions taken by prison officials, as demonstrated by the proximity of the actions to Washington's pursuit of his rights and verbal acknowledgement by prison officials

44. As a result of defendant's retaliation Washington's ability to advance his constitutional rights was inhibited in the form of his inability to fully engage with his religion, as well as pursue justice for his civil rights violations without fear of further retaliation

45. Retaliatory reports led to prolonged, Washington's duration in solitary confinement, worsening his health, causing a substantial risk that he will be subjected to greater harm in the future.

46. Washington exists in a perpetual cycle of desiring to seek a remedy to the violations of rights, as well as a remedy to his immediate medical and physical needs, but, seeking such remedies exacerbates the retaliation he endures and causes the problem to worsen

COUNT II — FAILURE TO PROTECT FROM AGGRAVATED AND SEXUAL ASSAULT

47. The attached statement of claims, and paragraphs 1 through 46 are incorporated by reference.

48. Prison officials have been deliberately indifferent to the on going mental and physical abuse Washington has endured, and have failed to intervene to protect him from harm.

49. Prison officials, specifically defendant Gilmore, are fully aware of the sexual and aggravated assault of Washington, despite Washington's many complaints about these matters, defendants have failed to put a stop to these abuses.

50. Washington's already fragile medical state have been exacerbated by the lack of intervention by the prison ~~██████~~, administration for abuses by their staff.

51. Prison administration are aware of, or ~~██████~~ reasonably should be aware of, the on going physical, mental, and sexual abuse Washington is subject to, but have acted with deliberate indifference in their refusal to intervene or prevent it.

W V. 8                                    (6)

(52) RATHER, AT TIMES, PRISON OFFICIALS HAVE ACTED AS PARTY TO THE ABUSE AND HAVE CONDUCTED IT, BOTH THROUGH INACTION AND ENCOURAGEMENT

## COUNT III — DENIAL OF HEALTH CARE SERVICES

(53). THE ATTACHED STATEMENT OF CLAIMS, AND PARAGPHS 1— THROUGH 52 ARE INCORPORATED BY REFERENCE.

(54). DEFENDANTS, DIRECTLY AND THROUGH THEIR AGENTS, CONSISTENTLY DENIED WASHINGTON REQUESTED AND NECESSARY EMERGENCY MEDICAL TREATMENT AND HEALTH CARE SERVICES TO WASHINGTON DURING THE TIME IN QUESTION

(55). WHILE WASHINGTON DID RECEIVE AT TIMES WEEKLY VISITS BY PRISON MEDICAL PROFESSIONALS, THE MEDICAL CARE PROVIDED WAS ILLUSORY AND DID NOT FULFILL THEIR OBLIGATIONS ESTABLISHED UNDER THE EIGHTH AMMENDMENT.

(56). PRISON MEDICAL OFFICIALS HAVE NOT ONLY ACTED IN DELIBERATE INDIFFERENCE TOWARDS THE HEALTH NEEDS OF WASHINGTON, BUT HAVE RESPONDED TO HIM WITH DELIBERATE ANIMOSITY BY TELLING HIM THEY WILL NOT WASTE THEIR TIME ON HIM AND ACKNOWLEDGING THAT HIS PURSUIT OF JUSTICE THROUGH THE ADMINISTRATIVE AVENUES OF THE DEPARTMENT OF CORRECTIONS AND JUDICIAL SYSTEM AFFECTS THE LEVEL OF ASSISTANCE THEY GIVE HIM

(57) . PRISON OFFICIALS REFUSAL TO INTERVENE AND ENSURE THAT WASHINGTON RECEIVES HIS NECESSARY MEDICAL ATTENTION AMOUNTS TO DELIBERATE INDIFFERENCE

## COUNT IV— DENIAL OF ACCESS TO THE COURT

(58). THE ATTACHED STATEMENT OF CLAIMS, AND PARAGRAPHS 1· THROUGH 57 ARE INCORPORATED BY REFERENCE

(59). GILMORE, THROUGH HIS ROLE AS SUPERINTENDANT, AND HIS SUPERVISON OF HIS SUBORDINATES, MORE THAN ONCE DENIED WASHINGTON ACCESS TO THE COURTS, WASHINGTON WAS INFORMED BY PRISON OFFICIALS THAT HIS MAIL WAS NOT GOING OUT DUE TO THE ON GOING LITIGATION HE HAD AGAINST THE OFFICIALS.

(60). ON MORE THAN ON OCCASION, PRISON OFFICIALS, INCLUDING R.E. BARKEFELT HAS SHOWN UP AT WASHINGTON'S CELL WITH A PIECE OF OUT GOING MAIL WASHINGTON HAD PLACED INTO THE OUT GOING MAIL MOMENTS EARLIER. THE PRISON OFFICIALS HAVE THEN, ON MORE THAN ONE OCCASION, RIPPED THE MAIL INTO PIECES IN FRONT OF WASHINGTON

(61). THIS, AND DENIAL WRITING PAPER CAUSING WASHINGTON'S CASE, <u>WASHINGTON</u> V. <u>FOLINO</u>, NO: 14-1880, ON APPEAL

(62). WASHINGTON'S RIGHTS OF ACCESS TO THE COURT AND FREE SPEECH WERE STIFLED ON MORE THAN ONE OCCASION IN A VINDICIVE-N-INTENTIONAL WAY BY THE OFFICIAL OF THE STATE

W.V.G

COUNT V. DENIAL OF ACCESS TO RELIGIOUS PROPERTY

(63). THE ATTACHED STATEMENT OF CLAIMS, AND PARAGRAPHS 1 THROUGH 62 ARE INCORPORATED BY REFERENCE

(64). IN A PRIOR SETTLEMENT AGREEMENT, PRISON OFFICIALS AGREED TO PROVIDE WASHINGTON WITH THE RELIGI-OUS LITERATURE NEEDED TO CONDUCT THE DAILY RITUALS OF HIS RELIGION

(65). PRISON OFFICIALS CONSISTANTLY FAILED TO PROVIDE WASHINGTON WITH ACCESS TO THIS LITERATURE ON A WEEKLY BASIS

(66). DESPITE THEIR REQUIREMENTS TO UTILIZE THE LEAST RESTRICTIVE MEANS IN REGARDS TO ANY IN-FRINGEMENT UPON HIS RELIGIOUS NEEDS, PRISON OFFICIALS BLATANTLY DENIED WASHINGTON ACCESS TO THIS LITERATURE, DUE TO PLAINTIFF HAVING SUED RHU STAFF, OR THEIR FAMILY

COUNT VI - CONSPIRACY

(67). THE ATTACHED STATEMENT OF CLAIMS AND PARAGRAGH 1 THROUGH 66 ARE INCORPORATED BY REFERENCE.

(68). DEFENDANTS OFTEN STATED THAT THEIR ACTIONS WERE BEING CONDUCTED PER THE ORDERS OF THEIR SUP-ERVISORS TO PENALIZE WASHINGTON FOR SUING THEM PERSONALLY, SCI-GREENE MEDICAL PROFESSIONALS, MEMBERS OF SCI-GREENE RHU STAFF, SCI-GREENE WARDEN, OR COMMUNICATIONS WITH THE DOJ.

(69). PRISON OFFICIALS, AND THEIR SUPERVISORS REGULARLY STATED THEY HAD PLANNED, AND HAVING AG-REED TO CARRY OUT ACTS TO PENALIZE WASHINGTON FOR HAVING SUED THEM PERSONALLY, THE WARDEN, MEMBERS OF SCI-GREENE RHU STAFF, MEDICAL PROFESSIONALS, AND FOR COMMUNICATIONS WITH THE DOJ; AND TO DEPRIVE, PREVENT, AND DENY WASHINGTON HIS PROTECTED CONSTITUTIONAL RIGHTS

COUNT VII - EQUAL PROTECTION

(70). THE ATTACHED STATEMENT OF CLAIMS, AND PARAGRAPHS 1-THROUGH 69, ARE INCORPORATED BY REFERENCE.

(71). PRISON OFFICIALS AND MEDICAL PROFESSIONALS CONSISTENTLY PROVIDED ALL OTHER RHU INMATES, ES-PECIALLY WHITE INMATES ON SICK CALL, SUCCESSFULLY, AND PER CONSTITUTION; WHILE CONDUCTING THE SAME EVENT, BASED ON NON MEDICAL REASONS PRISON OFFICIALS-N-MEDICAL PROFESSIONALS DENIED WASHINGTON THE SAME CONSTITUTIONAL RIGHTS.

(72). PRISON OFFICIALS-N-MEDICAL PROFESSIONALS CONSISTENTLY SINGLED WASHINGTON OUT TO SUBJECT TH-EIR ABUSE UPON, THESE ARE ABUSES SCI-GREENE PRISON OFFICIALS-N-MEDICAL PROFESSIONALS, READILY WOULD OF, OR REASONABLY SHOULD HAVE FORESEEN, WOULD VIOLATE WASHINGTON CONSTITUTION-ALLY PROTECTED RIGHTS. WHITE INMATES WERENT SUBJECTED TO THESE ABUSES, THESE ABUSES TO WASHINGTON WERE CONNECTED TO WASHINGTON'S ONGOING LITIGATION, SEVERAL PRISON OFFICIALS, AND MEDICAL PROFESSIONALS HAVE CONSISTENTLY STATED, SUING ME-N-SCI-GREENE RHU STAFF," SUING ME-N-MEMBERS OF SCI-GREENE MEDICAL STAFF", PENALIZE PL-

W V. G                                                                    (8)

AINTIFF FOR SUING THEM". THE PRISON OFFICIALS AND MEDICAL PROFESSIONALS OFTEN STATED THAT THEIR ACTIONS WERE UNDER DIRECTORDERS OF THEIR SUPERVISORS.

(73). PRISON OFFICIALS AND MEDICAL PROFESSIONALS CONSISTENTLY PROVIDED THE OTHER INMATES IN SOLITARY CONFINEMENT THEIR CONSTITUTIONAL RIGHTS, WHILE CONDUCTING THE SAME EVENT, PRISON OFFICIALS-N-MEDICAL PROFESSIONALS DENIED WASHINGTON THE SAME CONSTITUTIONAL RIGHTS.

## VI. RELIEF

(74). N.B. ALL REQUEST WHICH ARE BEYOND THE COURT AUTHORITY TO GRANT, CAN BE USED AS A REFERENCE IN THE CASE THERE IS A SETTLEMENT

(75). WHEREFORE, ON THE BASIS OF THE FOREGOING, WASHINGTON ASK THE COURT TO

1. ASSUME JURISDICTION OF THIS CASE; REINSTATE WASHINGTON V. GRACE, 4:07-CV-0867; WASHINGTON V. GRACE, 4:08-CV-1283; WASHINGTON V. FOLINO, 2:11-CV-1046; WASHINGTON V. COMMONWEALTH OF PA, C.P, 51-CR-0404151, BACK ONTO THEIR RESPECTIVE DOCKETS

2. DECLARE DEFENDANTS' RETALIATORY ACTIONS AGAINST WASHINGTON TO BE UNCONSTITUTIONAL AND ENJOIN THEM ~~THEM~~ FOR COMMITTING SUCH ACTIONS IN THE FUTURE;

3. ORDER DEFENDANTS TO RELOCATE WASHINGTON TO SCI-PERRY, IN PERRY, FLA., OR A NEARBY FLA. PRISON; SCI-CHESTER, OR SCI-BRATFORD, BOTH LOCATED IN PA. Doc., WITH PERMANENT SINGLE CELL STATUS IN ORDER TO PROTECT WASHINGTON FROM THE ON GOING, AND FUTURE RETALIATORY ABUSES HE IS FORCED TO ENDURE

4. ENJOIN DEFENDANTS FROM CONTINUING TO RETURN WASHINGTON IN SOLITARY CONFINEMENT

5. ENJOIN PRISON OFFICIALS FROM REFUSING TO PROVIDE WASHINGTON WITH THE APPROPRIATE MEDICAL CARE HE NEEDS. IMMEDIATE PLACEMENT IN JOHN'S HOPKINS UNIVERSITY HOSPITAL FOR CARE BY OPHTHALMOLOGISTS, CARDIOLOGISTS, UROLOGISTS, OTOLARYNGOLOGISTS, DERMATOLOGIST, GASTROENTERIOLOGIST

6. ENJOIN PRISON OFFICIALS FROM DENYING WASHINGTON FROM ACCESSING THE LITERATURE NECESSARY TO PRACTICE HIS RELIGIOUS BELIEF

7. AWARD WASHINGTON FINANCIAL DAMAGES IN THE AMOUNT OF #5,000,000

8. AWARD WASHINGTON PUNITIVE DAMAGES IN THE AMOUNT OF #5,000,000 AGAINST EACH DEFENDANT.

9. AWARD INJUNCTIVE RELIEF IN MONETARY VALUE OF #500,000 AGAINST EACH DEFENDANT

10. IMMEDIATE INCREASE OF ~~STORAGE~~ STORAGE SPACE CONCERNING THE DICTATES OF WASHINGTON V. KLEM

W V.B

(9)

SETTLEMENT, TO WHICH EVER COMES LAST "100 RECORD BOXES" OR "100,000 BOOKS"

11. PERMANENT OBSERVATION IN THE FORM OF OUTDOOR CELEBRATION CONCERNING ALL OF WASHINGTON'S RELIGIOUS/HOLIDAYS AND FESTIVITIES ON A ANNUAL BASIS

12. PERMANENT RESERVED SPACE IN THE CHAPEL FOR CONGREGATIONAL SERVICES ON A WEEKLY BASIS CONSISTING OF 3-HOURS SESSIONS

13. PERMANENT RESERVED SPACE IN THE CHAPEL FOR CHRISTIAN BLACK STUDIES ON A WEEKLY BASIS CONSISTING OF 3-HOURS SESSIONS

14. PERMANENT RESERVED SPACE IN THE CHAPEL FOR SEBA: SELF-ENHANCEMENT AWARENESS GROUP ON A WEEKLY BASIS CONSISTING OF 3-HOURS SESSIONS

15. PERMANENT ASSIGNED JOB INSIDE OF THE GYM OR CHAPEL CONSISTING OF 8 HOURS A DAY, 7 DAY WORK WEEK AT THE DOC MAXIMUM PAY RATE.

16. PERMANENT SUPPLEMENTARY DIET OF WASHINGTON OWN CHOOSING

17. PERMANENT CONJUGAL VISITS TWICE PER WEEK WITH SOMEONE OF PLAINTIFF OWN CHOOSING, CONSISTING OF 96 HOURS STRAIGHT PER VISIT

18. REPLACE OR PROVIDE PLAINTIFF WITH A T.V, RADIO, TYPEWRITER, FOOTLOCKER, AND WATCH CONSISTING OF MODELS OF WASHINGTON'S OWN CHOICE, WHETHER ON D.C. OR AC STATUS, OR IN GENERAL POPULATION OR ANY WHERE IN THE DOC, OR STATE INSTITUTION OR RESTRICTED HOUSING AREA

19. PERMANENT FREE CABLE T.V. FOR THE REMAINDER OF WASHINGTON'S LIFE, APPLY IRRESPECT OF GENERAL POPULATION; HOUSING AREA, STATE OR FEDERAL INSTITUTION, AC OR DC AREA

20. IMMEDIATE SURGERY TO RESTORE WASHINGTON'S PENIS TO ITS NORMAL SIZE OF: "10½ X 7"

21. PERMANENT EXTENDED COMMISSARY, IDLE PAY, TELEPHONE PRIVILEGES, ALL FOOD ITEM REMAIN IN CELL IRREGARD LESS OF THE AMOUNT; HOUSING AREA, STATE OR FEDERAL INSTITUTION; APPLY IN ALL PA. PRISONS, AC AND DC STATUS

22. JURY TRIAL DEMANDED

23. IMMEDIATE COMMUTATION OF WASHINGTON'S LIFE SENTENCE, INCLUDING FULL RETIREMENT-N-MEDICALCARE PLAN

24. AWARD WASHINGTON SUCH OTHER RELIEF AS IS NECESSARY

"RESPECTFULLY SUBMITTED"
S/ Henry Unseld Washington

HENRY UNSELD WASHINGTON
Am 3086
PRO SE

DATED: 7-18-15

W V. B                    ⑩

THIS CIVIL ACTION IS BROUGHT BY PRISON INMATE, HENRY UNSELD WASHINGTON, FILED PRO SE, PURSUANT TO 42 U.S.C. 1983, CIVIL RIGHTS COMPLAINT AGAINSTS EMPLOYED AT SCI-GREENE FOR VIOLATIONS OF PLAINTIFF FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS

PLAINTIFF 1st, AND 14th AMENDMENTS WERE VIOLATED BY DEFENDANTS, ROBERT D. GILMORE, MS. TRACY SHAWLEY, S.P. DURCO, F.E. BARKEFELT, A.J. MORRIS, LT. WILLIAMS, SGT. CRABLE, J.M. SMITH, ROBERT NELSON, T.S. OSWALD, MR. COMER, T.I. BENNETT, ROBERT HENDRICKS, OFFICER CODDY, OFFICER HEBETER; D. FARRIER, M. STUMP, OFFICER MS. TAIT, J.D. SUHAN, IRMA VIHLIDAL, BYUNGHAK JIN, M. PARK, P. DASCANI, MARY COMER, MS. E. MATTES, MS. ELON MWAURA, OFFICER DENNISON

PLAINTIFF 8th AMENDMENT WAS VIOLATED BY ROBERT NELSON, T.S. OSWALD, D. FARRIER, M. STUMP, J.D. SUHAN, BYUNGHAK JIN, M. PARK, P. DASCANI, MARY COMER, MS. E. MATTES, MS. ELON MWAURA, OFFICER DENNISON

# I. DENIAL OF MEDICAL CARE

1. ON OR NEAR 7-8-13, DEFENDANT, B. JIN, DOCTOR, SICK CALL, GD 3 CELL, DEFENDANT, JIN DENIED PLAINTIFF MEDICAL CARE

2. HAVING ACKNOWLEDGED HE FULLY UNDERSTOOD PLAINTIFF WAS EXPERIENCING INTENSE CHEST PAIN-N-DIFFICULTY BREATHING, EXCRUCIATING PAINFUL INTESTINAL GRIPE, DIFFICULTY SPEAKING-N-CONCENTRATING, NEAR BLIND IN RIGHT EYE, DIARRHEA CAUSED BY FOOD SERVED TO INMATE, SWOLLEN ANKLES, DRIPPING SEMEN, MEMORY LOSS, CONTINUOUS NOSE BLEEDS-N-FATIGUE, DEMENTIA, TESTOSTERONE DEFICIENCY, URETHRAL STRICTURE, IRREVERSIBLE FOOT FUNGUS, DEFORMED FINGERS-N-ELBOWS

3. DEFENDANT, JIN, DECLARED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE.

4. DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM-N-THE WARDEN.

STATEMENT OF CLAIMS

W.V.G 2:15-1031

5. WALKED AWAY WHILE PLAINTIFF WAS CLUTCHING HIS CHEST WITH BOTH HAND-N-GASPING FOR AIR

6. WITHOUT TAKING A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-OR-PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES OR PAP SMEAR

7. BASED ON NON MEDICAL REASONS DEFENDANT, JIN DENIED PLAINTIFF MEDICAL CARE

N.B. FOR THE SAKE of this LEGAL ACTION THROUGHOUT THE STATEMENT OF CLAIMS WHEN PLAINT-IFF REFERS TO HIS CHRONIC AILMENT THIS SHOULD BE INTERPRETED TO INCLUDE: NON STOP EXCRUCIATING PAINFUL INTESTINAL GRIPE, DIFFICULTY BREATHING, SPEAKING-N-CONCEN-TRATING, NEAR BLIND IN RIGHT EYE, SWOLLEN ANKLES, DIARRHEA CAUSED BY FOOD SERVED TO INMATES, DRIPPING SEMEN, MEMORY LOSS, CONTINUOUS NOSE BLEEDS-N-FATIGUE, DEMENTIA, TESTOSTERONE DEFICIENCY, URETHRAL STRICTURE, IRREVERSIBLE FOOT FUNGUS, DEFORMED FINGERS-N-ELBOWS,

8. ON OR NEAR 7-26-13, DEFENDANT, B, JIN, DOCTOR, SICK CALL, BD-3, DEFENDANT, JIN DENIED PLAINTIFF MEDICAL CARE. BASED ON NON MEDICAL REASONS:

9. HAVING ACKNOWLEDGED HE FULLY UNDERSTOOD PLAINTIFF PLAINTIFF WAS EXPERIENCING NON STOP EXCRUCIATING PAIN-N-DISCOMFORT CAUSED BY CHRONIC AILMENT CITED ABOVE,

10. DEFENDANT, JIN, ASSESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED

11. HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM, AND THE WARDEN

12. WITHOUT TAKING A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATE, HEART RATE, BREATHING PATTERN-N-PUPIL DILATION, NO LAB TEST OF BLOOD, URINE STOOL SAMPLE; OR PAP SMEAR

13. ON OR NEAR 8-23-13, DEFENDANT, B. JIN, DOCTOR, SICK CALL, BD 3 CELL, BASED ON NON MEDICAL REASONS DEFENDANT, JIN DENIED PLAINTIFF MEDICAL CARE

14. PLAINTIFF EXPERIENCED NON STOP EXCRUCIATING PAIN-N-DISCOMFORT CAUSE BY AILMENT CITED ABOVE, DEFENDANT, JIN ACKNOWLEDGED HE FULLY UNDERSTOOD, THEN RESPONDED PLAINT-IFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, AND ACTED WITH DELIBERATE INDIFFENCE

15. DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR

STATEMENT OF CLAIMS:

W.V.B 2:15-1031

SUING HIM-N-THE WARDEN

16. DEFENDANT, JIN WALKED AWAY WITHOUT CONDUCTING A CURSORY EXAM OF BLOOD PRESSURE, TEMP-
ERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, STOOL SAMP-
LES, PAP SMEAR

17. ON OR NEAR 8-29-13, DEFENDANT, M, PARK, DOCTOR, SICK CALL, BD 3 CELL. BASED ON NON
MEDICAL REASONS DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE

18. ACKNOWLEDGED HE FULLY UNDERSTOOD PLAINTIFF WAS EXPERIENCING INTENSE PAIN IN CENTER OF
CHEST, AND EXCRUCIATING PAIN -N-DISCOMFORT NON STOP CAUSED BY CHRONIC AILMENTS CITED ABOVE,

19. DEFENDANT, PARK PROFESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN
RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WAS GOING TO PENALIZE PLAINT-
IFF FOR SUING HIM -N-HIS SUPERVISOR, DEFENDANT, B. JIN; BY DENYING PLAINTIFF MEDICAL
CARE.

20. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF ON THE FLOOR GASPING FOR AIR; HAVING NOT
CHECKED PLAINTIFF BLOOD PRESSURE, TEMPERATURE, HEART RATE, BREATHING PATTERN, DILATION OF
PUPILS, NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES, -N-PAP SMEAR

21. ON OR NEAR 9-5-13, DEFENDANT, B, JIN, DOCTOR, SICK CALL; BD 3 CELL, DEFENDANT, JIN DENI-
ED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL CARE

22. EXPERIENCING INTENSE CHEST PAIN, STRUGGLING TO BREATHE, TO THE EXTENT PLAINTIFF HAD TO
LEAN ON THE WALL TO REMAIN UPRIGHT; NON STOP EXCRUCIATING PAIN -N-DISCOMFORT CAUSED BY THE
AILMENT CITED ABOVE.

23. DEFENDANT, JIN ACKNOWLEDGED PLAINTIFF NEED IMMEDIATE EMERGENCY MEDICAL CARE, THEN
RESPONDED WITH DELIBERATE INDIFFERENCE DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL
CARE TO PENALIZE PLAINTIFF FOR SUING KIND THE WARDEN

24. WALKED AWAY HAVING NOT CONDUCTED A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING
PATTERN, HEART RATE-N PUPIL DILATION; NO LAB TEST OF BLOOD, URINE STOOL SAMPLES, N-PAP SMEAR

25. ON OR NEAR 9-26-13, DEFENDANT, B, JIN, DOCTOR, SICK CALL BD 3 CELL; DEFENDANT, JIN
DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASON.

26. PLAINTIFF EXPERIENCED SHARP CHEST PAIN To SUCH EXTENT PLAINTIFF HAD To CRAWL TO THE DOOR, AND NON STOP EXCRUCIATING PAIN-N-DISCOMFORT CAUSED BY CHRONIC AILMENT CITED ABOVE.

27. DEFENDANT, JIN ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RE-SPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE To PENALIZE PLAINTIFF FOR SUING HIM-N-THE WARDEN.

28. WITHOUT HAVING MADE A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, HEART BEAT, BREATHING PATTERN-N-PUPIL DILATION; NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES,-N- PAP SMEARS, DEFENDANT, JIN WALKED AWAY LEAVING PLAINTIFF ON HIS KNEES GASPING FOR AIR

29. ON OR NEAR 12-17-13, DEFENDANT, B. JIN, DOCTOR, SICK CALL, GD 3 CELL. DEFENDANT, JIN DENI-ED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

30. EXPERIENCING SHARP CHEST PAIN; AND EXCRUCIATING PAIN-N-DISCOMFORT NON STOP, CAUSED BE BY CHRONIC AILMENTS CITED ABOVE
DEFENDANT, JIN, ASSESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RE-SPONDED WITH DELIBERATE INDIFFERENCE DECLARED HE REFUSE To PROVIDE PLAINTIFF MEDICAL CARE To PENALIZE PLAINTIFF FOR SUING HIM-N-THE WARDEN

31. DEFENDANT, JIN NEVER TOUCHED PLAINTIFF PHYSICALLY TO CONDUCT A CURSORY CHECK OF PLAINTIFF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE,-N-PUPIL DILATION; NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES,-N- PAP SMEAR. DEFENDANT, JIN WALKED AWAY LEAVING PLAINTIFF LY-ING NUDE ON THE FLOOR CLUTCHING HIS CHEST, MOUTH AGAPED PANTING FOR AIR

32. ON OR NEAR 12-19-13, DEFENDANT, B. JIN, DOCTOR, SICK CALL, GD 3 CELL. DEFENDANT, JIN DENI-ED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASON

33. ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE FOR NON STOP PAIN-N-DISCOMFORT EXCRUCIATINGLY; CAUSE BY CHRONIC AILMENTS CITED ABOVE, THEN HE RESPOND-ED WITH DELIBERATE INDIFFERENCE, DECLARE HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE To PENALIZE PLAINTIFF FOR SUING HIM-N-THE WARDEN.

34. HAVING NOT CONDUCTING A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE, PUPIL DILATION; NO TEST IN LAB OF BLOOD, URINE, STOOL SAMPLE,-N-PAP SMEAR. DEFENDANT, JIN WALKED AWAY LEAVING IN THE NUDE, SLUMPED AGAINST THE WALL-N-DOOR, STRUGGLING TO BREATHE



35. () ON OR NEAR 12-27-13, DEFENDANT, B. JIN, DOCTOR, SICK CALL, GD3 CELL, DEFENDANT, JIN DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASON

36. EXPERIENCING INTENSE CHEST PAIN; CHRONIC AILMENTS CITED ABOVE CAUSING NON STOP EX-CRUCIATING PAIN-N-DISCOMFORT DEFENDANT, JIN ACKNOWLEDGED PLAINTIFF NEEDED IMMED-IATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DE-CLARED HE WAS PENALIZING PLAINTIFF FOR SUING HIM -N-THE WARDEN, SO HE WAS NOT PRO-VIDING PLAINTIFF MEDICAL CARE, DEFENDANT, JIN

37. REFUSED TO EVEN CONDUCT A CURSORY CHECK OF PLAINTIFF BLOOD PRESSURE, TEMPERATURE, HEART-RATE, BREATHING PATTERN, -N-PUPIL DILATION; NO LAB TEST OF BLOOD, URINE-STOOL SAMPLES OR PAP SMEAR; DEFENDANT JIN WALKED AWAY

38. ON OR NEAR 1-9-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, GD3, DENIED MEDICAL CARE BY DE-FENDANT, PARK BASED ON NON MEDICAL REASON.

39. HAVING ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE DUE TO SHARP CHEST PAINS -N-DIFFICULTY BREATHING; AND NON-STOP PAIN -N-DISCOMFORT EXCRUCIATINGLY CAUSED BY THE CHRONIC AILMENTS CITED ABOVE, THEN

40. DEFENDANT, PARK RESPONDED WITH DELIBERATE INDIFFERENCE, HOLDING A SCALPEL IN HAND IN-STRUCTED PLAINTIFF TO COME TO THE DOOR, WHERE DEFENDANT, PARK SAID TO PLAINTIFF SEE THIS SC-ALPEL, FIRST CHANGE HE WAS GOING TO SLIT PLAINTIFF THROAT FOR SUING HIM, AND DEFEND-ANTS, B. JIN -N- I, VIHLIDAL, AND R. GILMORE

41. FURTHERMORE HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE, DEFENDANT, PARK WALKED AWAY WITHOUT CONDUCTING A CURSORY CHECK ON PLAINTIFF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEARTRATE-N-PUPIL DILATION; NO LAB TEST OF BLOOD, URINE, STOOL SAMPLE, OR PAP SMEAR

42. ON OR NEAR 1-24-14, DEFENDANT, B. JIN, DOCTOR, SICK CALL, GD3 CELL, DEFENDANT, JIN DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASON.

41. AWARE PLAINTIFF WAS IN NON STOP EXCRUCIATING PAIN-N-DISCOMFORT CAUSED BY THE CHRONIC AIL-MENTS CITED ABOVE DEFENDANT, JIN ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE DECLARED HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM

42. DEFENDANT, JIN, DID NOT MAKE A CURSORY EXAM OF PLAINTIFF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, -N- PUPIL DILATION. PLAINTIFF BEGGED DEFENDANT, JIN FOR MEDICAL CARE; HE SANK TO THE FLOOR, HOLDING HIS CHEST, PANTING, DEFENDANT, JIN WALKED AWAY LEAVING PLAINTIFF SPRAWLED OUT ON THE FLOOR

43. ON OR NEAR 2-21-14, DEFENDANT, MS. M, COMER, PAC, SICK CALL, BD 3CELL. DEFENDANT, MS COMER, BASED ON NON-MEDICAL REASON DENIED PLAINTIFF MEDICAL CARE.

44. DEFENDANT, MS. COMER, PROFESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE IN LIGHT OF PLAINTIFF EXPERIENCING SHARP CHEST PAIN -N- DIFFICULTY BREATHING TO THE EXTENT, PLAINTIFF STRUGGLED TO REMAIN UPRIGHT; AND CHRONIC AILMENTS CAUSING NON STOP EXCRUCIATING PAIN -N- DISCOMFORT; CITED ABOVE

45. THEN, DEFENDANT, COMER RESPONDED WITH DELIBERATE INDIFFERENT, DECLARED SHE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HER SUPERVISOR, DEFENDANT, B. JIN, HAVING NOT CONDUCTED A CURSORY CHECK OF PLAINTIFF BLOOD PRESSURE, TEMPERATURE, HEART RATE, BREATHING PATTERN -N- PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES -N- PAP SMEAR

46. DEFENDANT, MS, COMER WALKED AWAY LEAVING PLAINTIFF BEGGING HER FOR MEDICAL CARE, IN NON STOP EXCRUCIATING PAIN -N- DISCOMFORT, STRUGGLING TO REMAIN UPRIGHT -N- BREATH

47. ON OR NEAR 4-30-14, DEFENDANT, B. JIN, DOCTOR, SICK CALL, BA 20 CELL, DEFENDANT, JIN DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

46. PLAINTIFF UNABLE TO RAISE HIS ABOVE A WHISPER, EXPERIENCING NON STOP EXCRUCIATING PAIN -N- DISCOMFORT DUE TO CHRONIC AILMENT CITED ABOVE, DEFENDANT ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN HE RESPONDED WITH DELIBERATE INDIFFERENCE DECLARED HIS WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM -N- THE WARDEN

47. WITHOUT CONDUCTING A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, HEART RATE, BREATHING PATTERN -N- PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, STOOL SAMPLE, OR PAP SMEARS; DEFENDANT, JIN WALKED AWAY LEAVING PLAINTIFF NUDE, UNABLE TO SPEAK ABOVE A WHISPER, AND IN NON STOP EXCRUCIATING PAIN -N- DISCOMFORT

48 ON OR NEAR 5-2-14, DEFENDANT, M, PARK, DOCTOR, SICK CALL, BA 20 CELL. DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

49. DEFENDANT, PARK ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE FOR CHRONIC AILMENTS CITED ABOVE CAUSING NON STOP EXCRUCIATING PAIN-N-DISCOMFORT THEN HE RESPONDED WITH DELIBERATE INDIFFERENCE

50, DECLARE HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE.TO PENALIZE PLAINTIFF FOR SUING HIM, AND DEFENDANTS, R, GILMORE, B, JIN-N-I, VIHLIDAL, DEFENDANT, PARK WALKED AWAY DENYING PLAINTIFF MEDICAL CARE NOT HAVING CONDUCTED A CURSORY CHECK FOR BLOOD PRESSURE, TEMPERATURE, HEART RATE, BREATHING PATTERN-N-PUPIL DILATION; NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES-N-PAP SMEAR AND SWAB

51. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF GASPING FOR AIR, ON BOTH KNEES DUE TO LACK OF STRENGTH, IN NOT STOP EXCRUCIATING AND DISCOMFORT, BEGGING FOR MEDICAL CARE

52. ON OR NEAR 5-12-14, DEFENDANT, M, PARK, DOCTOR, SICK CALL, BA 20 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

53, AWARE PLAINTIFF EXPERIENCED NON STOP EXCRUCIATING PAIN-N-DISCOMFORT DUE TO CHRONIC AILMENTS CITED ABOVE DEFENDANT, PARK ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN DECLARED WITH DELIBERATE INDIFFERENCE.

54. HE DECLARE HE WAS NOT PROVIDING MEDICAL CARE TO PLAINTIFF TO PENALIZE PLAINTIFF FOR SUING HIM, AND DEFENDANTS, R, GILMORE, B, JIN-N-I. VIHLIDAL, WITHOUT CONDUCTING A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, STOOL SAMPLES-N-PAP SMEAR-N-SWABB. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF ON THE FLOOR WEDGED BETWEEN THE DOOR-N-DOOR FRAME, IN NON STOP EXCRUCIATING PAIN-N-DISCOMFORT BEGGING FOR MEDICAL CARE, MOUTH AGAPE STRUGGLING TO BREATH

55. ON OR NEAR 5-16-14, DEFENDANT, M, PARK, DOCTOR, SICK CALL, BA 20-CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

56. DUE TO CHRONIC AILMENTS CITED ABOVE, PLAINTIFF EXPERIENCED NON STOP EXCRUCIATING PAIN-N-DISCOMFORT, SO WEAK PLAINTIFF USED THE WALL TO REMAIN STANDING, DEFENDANT, PARK ACKNOWLEDGED PLAINTIFF NEED IMMEDIATE EMERGENCY MEDICAL CARE,

57- THEN DEFENDANT, PARK RESPONDED WITH DELIBERATE INDIFFERENCE DECLARED HE WOULD NOT PROVIDE MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM; REFUSED TO CONDUCT A CURSORY CHECK OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE, -N-PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, AND STOOL SAMPLE; SWAB-N-PAP SMEAR

58. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF IN NON STOP EXCRUCIATING PAIN, TOO WEAK TO STAND WITHOUT THE AID O OF THE WALL, BEGGING FOR MEDICAL CARE

59. ON OR NEAR 5-27-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, GA 20 CELL. DEFENDANT, PARK DENIED PLAINTIFF MEDICA CARE BASED ON NON MEDICAL REASONS.

60. DEFENDANT, PARK ACKNOWLEDGED HE FULLY UNDERSTOOD PLAINTIFF, WHO WAS BARELY AUD-IBLE, UNABLE TO STAN; ON HIS KNEES RESTING HIS HEAD ON THE BED PANTING BEGGING FOR MEDI-CAL CARE; IN NOT STOP EXCRUCIATING PAIN CAUSED BY CHRONIC AILMENTS CITED ABOVE.

61. DEFENDANT, PARK, ASSESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARE HE WAS GOING TO PENALIZE PLAINT-IFF FOR SUING HIM; BY DENYING PLAINTIFF MEDICAL CARE.

62. DEFENDANT, PARK, WITHOUT CONDUCTING A CURSORY CHECK OF BLOOD PRESSURE, BREATHING PATT-ERN, TEMPERATURE, HEART RATE-N-PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, SWAB, STOOL SAMPLES -N- PAP SMEAR,

63. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF ON HIS KNEES BEGGING FOR MEDICAL CARE.

64. ON OR NEAR 6-12-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, GA 20 CELL. DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

65. DEFENDANT, PARK ACKNOWLEDGED HE FULLY UNDERSTOOD PLAINTIFF EXPERIENCE NON STOP EX-CRUCIATING PAIN -N- DISCOMFORT CAUSED BY CHRONIC AILMENTS CITED ABOVE, HE ASSESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBER-ATE INDIFFERENCE.

66. DEFENDANT, PARK DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE AS A WAY OF PENALIZING FOR SUING HIM, WALKED AWAY LEAVING PLAINTIFF IN NON STOP PAIN

67. WITHOUT CONDUCTING A CURSORY CHECK OF BLOOD PRESSURE, HEART RATE, TEMPERATURE, BREATHING PATTERN, -N-PUPIL DILATION; NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES; SWAB-N-PAP SMEAR,

STATEMENT OF CLAIMS          (20)              W. V. G 2:15-1031

68. ON OR NEAR 6-13-14, DEFENDANT, B, JIN, DOCTOR, SICK CALL, GA 20 CELL. DEFENDANT JIN DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

69. FOLLOWING A COLLAPSE PLAINTIFF MADE DEFENDANT JIN AWARE THAT HE WAS IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT DUE TO CHRONIC AILMENTS CITED ABOVE, WHICH CAUSED THE COLLAPSE.

70. DEFENDANT, JIN ACKNOWLEDGED HE FULLY UNDERSTOOD, PROFFESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE.

71. THEN DEFENDANT, JIN RESPONDED WITH DELIBERATE INDIFFERENCE; DECLARED HE WAS NOT ~~PROVIDING~~ PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM, THEN WITHOUT CONDUCTING A CURSORY CHECK OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, STOOL SAMPLE, SWAB-N-PAP SMEAR;

72. DEFENDANT, JIN WALKED AWAY LEAVING PLAINTIFF FALLING AGAIN TO THE FLOOR, STRUGGLING TO BREATHE, IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT, BEGGING FOR MEDICAL CARE.

73. ON OR NEAR 6-23-14, DEFENDANT, M, PARK, DOCTOR, SICK CALL, GA-20 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

74. DEFENDANT, PARK ACKNOWLEDGED HE FULLY UNDERSTOOD PLAINTIFF WAS EXPERIENCING NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT, CAUSED BY CHRONIC AILMENTS CITED ABOVE,

75. DEFENDANT, PARK PROFESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE DECLARED, HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE FOR SUING HIM.

76. NOT HAVING CONDUCTED A CURSORY CHECK OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES, SWAB-N-PAP SMEAR; DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF IN NON STOP EXCRUCIATING PAIN-N-DISCOMFORT, STRUGGLING TO BREATHE

77. ON OR NEAR 6-26-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, GA 20 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

78. HAVING ACKNOWLEDGED PLAINTIFF WAS EXPERIENCING NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT CAUSED BY CHRONIC AILMENTS CITED ABOVE.

79. DEFENDANT, PARK PROCLAIMED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM

80. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF LYING FACE DOWN ON THE FLOOR, GASPING FOR AIR, PLEADING FOR MEDICAL CARE; IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT; NOT HAVING CONDUCTED A CURSORY CHECK FOR HIGH BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES, SWAB-N-PAP SMEAR

81. ON OR NEAR 6-27-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, GA 20 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE, BASED ON NON MEDICAL REASONS,

82. PLAINTIFF EXPERIENCE NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT CAUSED BY THE CHRONIC AILMENTS CITED ABOVE; TO THE EXTENT PLAINTIFF HAD TO USE THE WALL-N-DOOR FRAME TO REMAIN UPRIGHT, DEFENDANT, PARK ACKNOWLEDGED HE FULLY UNDERSTOOD.

83. DEFENDANT, PARK PROCLAIMED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE DECLARED HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM

84. WITHOUT CONDUCTING A CURSORY CHECK OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST OF BLOOD, URINE, STOOL SAMPLE, SWAB-N-PAP SMEAR; DEFENDANT, PARK WALKED AWAY WITHOUT HAVING TOUCHED PLAINTIFF PHYSICALLY, LEAVING PLAINTIFF BEGGING FOR MEDICAL CARE WHILE IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT

85. ON OR NEAR 7-11-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, GA 16 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON-MEDICAL REASON.

86. WHILE UNABLE TO STAND UPRIGHT, IN DETAIL DEFENDANT, PARK WAS MADE AWARE PLAINTIFF WAS EXPERIENCING NON STOP EXCRUCIATING PAIN-N-DISCOMFORT CAUSED BY CHRONIC AILMENTS CITED ABOVE, DEFENDANT, PARK PROCLAIMED PLAINTIFF NEED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE

87. DEFENDANT, PARK, DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE, WALKED AWAY LEAVING PLAINTIFF CLINGING TO WALLS-N-DOOR FRAME TO REMAIN UPRIGHT

HAVING MOUTH AGAPED TO BREATHE, PLEADING FOR MEDICAL CARE, WHILE IN NON STOP EXCRUCIATING PAIN;

88. HAVING NOT TOUCHED PLAINTIFF PHYSICALLY TO CONDUCT A CURSORY CHECK FOR BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE, -N- PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, STOOL SAMPLES, SWAB -N- PAP SMEAR

89. DEFENDANT, PARK, SHOUTED, HE DENIED PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM,

90. ON OR NEAR 7-14-14, DEFENDANT PARK, DOCTOR, SICK CALL, 8A 16 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS,

91. WHILE EXPERIENCING NON STOP EXCRUCIATING PAIN-N- EXTREME DISCOMFORT CAUSED BY CHRONIC AILMENTS CITED ABOVE, MAKING IT DIFFICULT FOR PLAINTIFF TO STAND UPRIGHT, DEFENDANT, PARK PROFESSED TO FULLY UNDERSTAND, AND PROCLAIMED PLAINTIFF HEALTH PROBLEMS WARRANTED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE

92. DEFENDANT, PARK, DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM, WITHOUT HAVING CONDUCTED A CURSORY CHECK ON BLOOD PRESSURE, TEMPERATURE, HEART RATE -N- PUPIL DILATION, BREATHING PATTERN; NO LAB TEST OF BLOOD, URINE STOOL SAMPLES, SWAB-N-PAP SMEAR

93. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF PANTING, STRUGGLING TO REMAIN UPRIGHT, IN STOP EXCRUCIATING PAIN -N- DISCOMFORT, AND BEGGING FOR MEDICAL CARE

94. ON OR NEAR 7-18-14, DEFENDANT, M, PARK, DOCTOR, SICK CALL, 8A 16 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

95. AFTER PERSONALLY WITNESSING PLAINTIFF COLLAPSE DUE TO NON STOP EXCRUCIATING PAIN -N- EXTREME DISCOMFORT CAUSED BY CHRONIC AILMENTS CITED ABOVE DEFENDANT, PARK PROFESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE

96. DEFENDANT, PARK, DECLARED HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM. THEN WITHOUT CONDUCTING A CURSORY CHECK ON BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE -N- PUPIL

DILATION, No LAB TEST OF BLOOD, URINE, STOOL SAMPLES, SWAB-N-PAP SMEAR, HE WALKED AWAY

97. DEFENDANT, PARK, WALKED AWAY LEAVING ~~DECEASED PARK~~ PLAINTIFF BEGGING HIM FOR MEDICINE FOR PAIN, THESE PLEADS ALL FELL ON DEAF EARS, AS DEFENDANT, PARK KEPT WALKING LEAVING PLAINTIFF ON HANDS-N-KNEES IN EXCRUCIATING NON STOP PAIN-N-EXTREME DISCOMFORT

98. ON OR NEAR 7-21-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, BA 16 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

99. ~~DECEASED~~ HAVING NO SIGHT IN RIGHT EYE DEFENDANT, PARK ACKNOWLEDGED THIS, AND HE ALSO ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE FOR HIS EYE; AND THE NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT CAUSED BY CHRONIC AILMENT CITED ABOVE;

100. THEN DEFENDANT, PARK RESPONDEDED WITH DELIBERATE INDIFFERENCE DECLARED HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM, HAVING NOT CONDUCTED A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, HEART RATE, BREATHING PATTERN-N-PUPIL DILATION, NO TEST ORDERED ON BLOOD, URINE, STOOL SAMPLES, SWAB-N-PAP SMEAR.

101. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF UNABLE TO SEE OUT OF HIS RIGHT EYE, DRIPPING SEMEN, WHILE IN EXCRUCIATING PAIN-N-EXTREME DISCOMFORT, PANTING, BEGGING FOR MEDICAL CARE

102. ON OR NEAR 7-24-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, BA 16 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

103. PLAINTIFF SO WEAK CAN BARELY STAND, STRUGGLING TO BREATHE; EXPERIENCING NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT CAUSED BY CHRONIC AILMENTS CITED ABOVE

104. DEFENDANT, PARK PROFESSED PLAINTIFF NEED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM.

105. WITHOUT CONDUCTING A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN; HEART RATE-N-PUPIL DILATION, NO LAB TEST ON BLOOD, URINE, STOOL SAMPLES, SWAB-N-PAP SMEAR, DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF CLUTCHING HIS DOOR FRAME TO KEEP FROM FALLING TO THE FLOOR DUE TO LACK OF STRENGTH, PANTING, WHILE IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT, AND BEGGING DEFENDANT, PARK FOR MEDICAL CARE.

STATEMENT OF CLAIMS          (24)          W V. B 2:15-1031

106. ON OR NEAR 7-25-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, QA 16 CELL. DEFENDANT, PARK DE-NIED PLAINT-
IFF MEDICAL CARE BASED ON NON MEDICAL REASONS

107. DEFENDANT, PARK DISCOVERED PLAINTIFF ON THE FLOOR TOO WEAK TO GET ON HIS FEET, CAUSED BY THE CHRONIC AILMENTS CITED ABOVE. DEFENDANT, PARK ASSESSED PLAINTIFF NEEDED IMMEDI-ATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE. DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM

108. DEFENDANT, PARK, WITHOUT CONDUCTING A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE -N-PUPIL DILATION, NO LAB TEST ON BLOOD, URINE, STOOL SAMP-LES, SWAB -N-PAP SMEAR

109. DEFENDANT, PARK WALKED AWAY WHILE PLAINTIFF ON THE FLOOR, MOUTH ABAPE, STRUGGLING TO BREATHE -N-TO SPEAK, IN NON STOP EXCRUCIATING PAIN -N-EXTREME DISCOMFORT.

110. ON OR NEAR 8-7-14, DEFENDANT, B. JIN, DOCTOR, SICK CALL, QA 16 CELL, DEFENDANT, JIN DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

111. TOO WEAK TO STAND UPRIGHT, HAVING TO WALK BENDING AT THE WAIST TO COME TO THE DOOR WITH DEFENDANT, JIN PER DEFENDANT, JIN'S REQUEST WHEREIN PLAINTIFF DETAILED HIS CHRONIC AIL-MENTS CITED ABOVE, DEFENDANT, JIN PROFESSED HE FULLY UNDERSTOOD

112. DEFENDANT, JIN, EXCLAIMED YOU SERIOUSLY NEED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM, DEMANDED PLAINTIFF REMOVE ALL OF HIS CLOTHEN.

113. WITHOUT CONDUCTING A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE, -N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, STOOL SAMPLES, SWAB -N-PAP SMEAR DEFENDANT, JIN WALKED AWAY LEAVING PLAINTIFF ON THE FLOOR TOO WEAK TO PULL HIS PANTS UP-UNABLE TO STAND UPRIGHT, BEGGING DEFENDANT, JIN FOR MEDICAL CARE, NEAR BLIND IN RIGHT EYE, IN NON STOP EXCRUCIATING PAIN -N-EXTREME DISCOMFORT

114. ON OR NEAR 8-8-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, QA 16 CELL. DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE, BASED ON NON MEDICAL REASONS.

115. ACKNOWLEDGED PLAINTIFF CHRONIC AILMENTS CITED ABOVE CALLED FOR IMMEDIATE

EMERGENCY MEDICAL CARE, DEFENDANT, PARK THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DEFENDANT, PARK DECLARED HE WAS GOING TO PENALIZE PLAINTIFF FOR SUING HIM, THEN DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE, DID NOT CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, HEART RATE, BREATHING PATTERN-N-PUPIL DILATION; NO TEST IN LAB ON BLOOD, URINE, STOOL -SWAB SAMPLES-N-PAPS MEAR

116. DEFENDANT, PARK WALKED AWAY, LEAVING PLAINTIFF LYING AGAINST THE WALL TOO WEAK TO STAND, STRUGGLING TO BREATHE, BEGGING DEFENDANT, PARK FOR MEDICAL CARE; IN EXCRU- CIATING PAIN -N-EXTREME DIS COMFORT, NON STOP


117. ON OR NEAR 8-25-14, DEFENDANT, MS. E. MATTES, PAC, SICK CALL, GA 16 CELL, DEFEND- ANT, MS. MATTES DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

118. ACKNOWLEDGED PLAINTIFF CHRONIC AILMENTS BEING CITED ABOVE WARRANTED IMMEDIATE EMERGENCY MEDICAL CARE DEFENDANT, MS MATTES RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARE SHE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE, TO PENALIZE PLAINTIFF FOR SUING HIM

119. PLAINTIFF SO IN PAIN-N- WEAK HE HAD TO CRAWL TO THE DOOR ; YET DEFENDANT, MS, MATTES DID NOT MAKE A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, STOOL SAMPLES -N- PAP SMEAR

120. DEFENDANT, MS, MATTES WALKED AWAY LEAVING PLAINTIFF TOO WEAK TO RISE TO HIS FEET, NEAR BLIND IN RIGHT EYE, STRUGGLING TO SPEAK-N-BREATHE, IN EXCRUCIATING PAIN -N-EXTREME DISCOMFORT, BEGGING DEFENDANT, MS, MATTES FOR MEDICAL CARE.


121. ON OR NEAR 9-8-14, DEFENDANT, MS, E, MATTES, PAC, SICK CALL, GA 16 CELL, DEFENDANT, MS. MATTES DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL CARE

122. ACKOWLEDGED PLAINTIFF CHRONIC AILMENTS CITED ABOVE WARRANTED IMMEDIATE EMERG- ENCY MEDICAL CARE, DEFENDANT, MS, MATTES RESPONDED WITH DELIBERATE INDIFFERENCE DECLARED SHE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE, TO PENALIZE PLAINTIFF FOR SUING HIM,

123. DEFENDANT, MATTES DID NOT MAKE A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, HEART RATE, BREATHING PATTERN -N-PUPIL DILATION; NO LAB TEST OF BLOOD, URINE, SWAB-STOOL SAMP- LES -N-PAP SMEAR

124. DEFENDANT, MS, MATTES WALKED AWAY LEAVING PLAINTIFF IN NON STOP EXCRU-

CIATING PAIN -N- EXTREME DISCOMFORT To THE EXTENT HE WAS BENDING AT THE WAIST, GASP-

ING FOR AIR, BEGGING FOR DEFENDANT, MATTES TO GIVE HIM MEDICINE FOR PAIN

125. On OR NEAR 9-15-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, BA 16 CELL. DEFENDANT, PARK

DENIED MEDICAL CARE To PLAINTIFF BASED ON NON MEDICAL REASONS.

126. DEFENDANT, PARK DECLARED, HE WAS TOTALLY CONVINCED PLAINTIFF CHRONIC

AILMENTS CITED ABOVE, NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RE-

SPONDED WITH DELIBERATE INDIFFERENCE, EXCLAIMED, "BUT I WILL NOT GIVE IT

To YOU. I WANT YOU To SUFFER, To PENALIZE YOU FOR SUING ME"

127. DEFENDANT, PARK DID NOT TAKE A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATH-

ING PATTERN, HEART RATE -N- PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP

SMEAR -N- STOOL SAMPLES

128. DEFENDANT, PARK, DECLARED A DESIRE To MAKE PLAINTIFF SUFFER, HE WALKED AWAY

LEAVING PLAINTIFF HAVING To REST ON ONE KNEE To BREATHE, IN NON STOP EXCRUCIATING

PAIN -N- EXTREME DISCOMFORT, BEGGING DEFENDANT, PARK FOR MEDICINE To EASE THE PAIN,

129. On OR NEAR 9-19-14, DEFENDANT, P, DASCAN I, DOCTOR, SICK CALL, BA 16 CELL, DEFEND-

ANT, DASCANI DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

130. DEFENDANT, DASCANI ACKNOWLEDGED HE FULLY UNDERSTOOD PLAINTIFF WAS UNABLE To SEE

OUT HER RIGHT EYE; AND NEEDED IMMEDIATE EMERGENCY MEDICAL CARE FOR CHRONIC

AILMENTS CITED ABOVE; THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED

"HE WAS TELLING PLAINTIFF FROM THE START, HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE, To

PENALIZE PLAINTIFF FOR SUING HIM, SO

IT WAS A WASTE OF TIME FOR PLAINTIFF To TELL HIM HIS MEDICAL NEEDS,"

131. ACCORDING To DEFENDANT, DASCANI, HE WAS GIVEN DIRECT ORDERS BY DEFENDANT, B, JIN -N-

M. PARK, NOT To DO A DAM THING FOR PLAINTIFF; DEFENDANT, DASCANI DID NOT TAKE A CUR-

SORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE -N- PUPIL DILATION; NO

LAB TEST ON BLOOD, URINE, SWABS, PAP SMEAR -N- STOOL SAMPLES

132. DEFENDANT, DASCANI WALKED AWAY LEAVING PLAINTIFF WITH A LOSS OF EYE SIGHT IN RIGHT EYE,

UN ABLE To EAT WITHOUT EXPERIENCING A FIT OF DIARRHEA; IN NON STOP EXCRUCIATING PAIN -N- EXTREM-

EME DISCOMFORT, BEGGING FOR MEDICAL CARE.

STATEMENT OF CLAIMS                    (27)          W V- B 2:15-1031



133. On or near 9-22-14, Defendant, M. Park, Doctor, Sick call, BA 16 Cell. Defendant, Park denied Plaintiff medical care based on non medical care.

134. Plaintiff explained in specifics, and Defendant, Park declared he fully understood that Plaintiff had loss all sight in his right eye, and Plaintiff experienced non stop excruciating pain-n-extreme discomfort caused by chronic ailments cited above.

135. Defendant, Park professed Plaintiff needed immediate emergency medical care, then responded with deliberate indifference, declared he would not provide Plaintiff medical care to penalize Plaintiff for suing him

136. Defendant, Park, with Plaintiff begging him for medical care; he did not make a cursory exam of blood pressure, temperature, breathing pattern, heart rate-n-pupil dilation; no lab test on blood, urine, swabs, pap smear-n-stool samples

137. Defendant, Park walked away leaving Plaintiff with no eyesight in right eye, struggling to breathe, in non stop excruciating pain-n-extreme discomfort, begging Defendant, Park to give him medicine to ease the pain.

138. On or near 9-26-14, Defendant, M. Park, Doctor, Sick call, BA-16 Cell. Defendant, Park denied Plaintiff medical care based on non medical reasons

139. With a loss of sight in right eye, and chronic ailments cited above Defendant, Park acknowledged Plaintiff needed immediate emergency medical care, then responded with deliberate indifference declared he would not provide Plaintiff with medical care to penalize Plaintiff for suing him

140. Without conducting a cursory exam of blood pressure, temperature, breathing pattern, heart rate, -n-pupil dilation; no lab test of blood, urine, swab, pap smears-n-stool samples Defendant, Park walked away leaving Plaintiff blind in right eye, experiencing diarrhea, struggling stand upright, in non stop excruciating pain-n-extreme discomfort, begging Defendant, Park to give him medicine to ease the pain

141. On or near 9-26-14, Defendant, M. Park, Doctor, Sick call, BA 16 Cell, Defendant, Park denied Plaintiff medical care based on non medical reasons.

142. Plaintiff experienced no eyesight periodically in right eye; and chronic ailment

CITED ABOVE. DEFENDANT, PARK ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED, "BECAUSE I AM PENALIZING YOU FOR SUING ME, THEY COULDN'T PAY ME TO PROVIDE YOU MEDICAL CARE"

143, PLAINTIFF SAID TO DEFENDANT, PARK, "I CANT SEE AT ALL OUT OF MY RIGHT EYE APPROXIMATELY 18 HOURS OUT OF EACH DAY, I AM GOING BLIND IN MY RIGHT EYE." LAUGHING UNCONTROLLABLY DEFENDANT, PARK, STATED, "I AM GLAD"

144, DEFENDANT, PARK DID NOT CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE -N- PUPIL; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR -N- STOOL SAMPLES.

145, DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF WITH A PERIODIC LOSS OF EYE SIGHT IN RIGHT EYE, UNABLE TO EAT WITHOUT EXPERIENCING A FIT OF DIARRHEA, IN NON STOP EXCRUCIATING PAIN -N- EXTREME DISCOMFORT, BEGGING DEFENDANT, PARK FOR MEDICAL CARE.

146. ON OR NEAR 10-3-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, BA 16 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

147. DEFENDANT, PARK ACKNOWLEDGED HE FULLY UNDERSTOOD THAT PLAINTIFF WAS DRIPPING SEMEN TO SUCH EXTENT PLAINTIFF PANT LEG WAS SOAK WITH HIS SEMEN -AND DRIPPING INTO HIS SHOE; AND CHRONIC AILMENTS CITED ABOVE.

148, DEFENDANT, PARK, ASSESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED, MAKING REFERENCES TO THE NUMBER OF INCURABLE DISEASE, WHICH INEVITABLE WILL CAUSE PLAINTIFF DEATH IF NOT GIVEN MEDICINES TO CONTROL THE SYMPTOMS, SINCE PLAINTIFF WAS SUING HIM, HE WAS PENALIZING PLAINTIFF BY DENYING PLAINTIFF MEDICAL CARE.

149. DEFENDANT, PARK DECLARED, "I WISH YOU WOULD HURRY UP -N- DIE," "I WILL NOT GIVE MEDICAL CARE"; AND DID NOT CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE -N- PUPIL DILATION; NO LAB WORK ON BLOOD, URINE, SWAB, PAP SMEAR, STOOL SAMPLES

150, DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF SOAKED IN HIS OWN SEMEN FROM HIS CROTCH DOWN HIS PANT LEG DRIPPING INTO HIS SHOE; UNABLE TO EAT WITHOUT EXPERIENCING A FIT OF DIARRHEA, NO EYE SIGHT IN RIGHT EYE, NOT STOP EXCRUC-

IATING PAIN -N- ~~EXTREME~~ DISCOMFORT, BEGGING DEFENDANT, PARK FOR MEDICAL CARE.

151. On or near 10-17-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, GA 15 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE, BASED ON NON-MEDICAL CARE.

152. UNABLE TO SEE OUT OF RIGHT EYE; AND CHRONIC AILMENTS CITED ABOVE DEFENDANT, PARK ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, "I KNOW YOU HAVE LIFE THRE-ATENING HEALTH PROBLEMS, BUT I DON'T GIVE A DAMN IN THEY CAUSE YOUR "DEATH" I WILL NOT PROVIDE YOU MEDICAL CARE TO PENALIZE YOU FOR SUING ME"

153. DEFENDANT, PARK DID NOT TAKE A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BR-EATHING PATTERN, HEART RATE -N- PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR -N- STOOL SAMPLES

154. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF WITH NO EYE SIGHT IN RIGHT, UNABLE TO EAT WITH EXPERIENCING A FIT OF DIARRHEA, IN NON STOP EXCRUCIATING PAIN AND EXTREME DISCOMFORMT, BEGGING DEFENDANT, PARK FOR MEDICAL CARE.

155. On or near 10-20-14, DEFENDANT, M, PARK, DOCTOR, SICK CALL, GA 15 CELL. DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

156. DEFENDANT, PARK ACKOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDI-CAL CARE FOR NEAR BLINDNESS IN RIGHT EYE -N- CHRONIC AILMENTS CITED ABOVE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM.

157. DEFENDANT, PARK DIDN'T AS MUCH AS CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPER-ATURE, BREATHING PATTERN, HEART RATE -N- PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAPSMEAR, STOOL SAMPLES

158. DEFENDANT, PARK, WALKED AWAY LEAVING PLAINTIFF WITH NEAR BLINDNESS IN RIGHT EYE, UNABLE TO EAT WITHOUT CAUSING A FIT OF DIARRHEA, IN NON STOP EXCRU-CIATING PAIN -N- EXTREME DISCOMFART BEGGING DEFENDANT, PARK FOR MEDICAL CARE.

159. On or near 10-24-14, DEFENDANT, P. DASCANI, DOCTOR, SICK CALL, GA 15 CELL, DEFENDANT,

DASCANI DENIED PLAINTIFF MEDICAL CARE, BASED ON NON MEDICAL REASONS.

160. PLAINTIFF TOO WEAK TO STAND; AND CHRONIC AILMENTS CITED ABOVE, DEFENDANT, DASCANI ACKNOWLEDGED HE FULLY UNDERSTOOD; PROCLAIMED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, EXCLAIMED, "ASK ME AGAIN; I WILL NOT PROVIDE YOU MEDICAL CARE, I DON'T WANT TO HEAR IT"; I AM PENALIZING YOU FOR SUING THE WARDEN-N-Sgt. GREENE MEDICAL STAFF"

161. DEFENDANT, DASCANI INSTRUCTED PLAINTIFF TO REMOVE ALL CLOTHING.

162. DEFENDANT, DASCANI, DIDN'T EVEN CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, PAP SMEAR, SWAB-N-STOOL SAMPLES

163. WITH PLAINTIFF-N-SEVERAL OTHER INMATES THROUGHOUT 8A POD BEGGING DEFENDANT, DASCANI PROFUSELY TO HELP PLAINTIFF, ALL TO NO AVAIL, DEFENDANT, DASCANI WALKED AWAY LEAVING PLAINTIFF DOWN ON THE FLOOR IN THE NUDE, GASPING TO BREATHE WEAK-N-DEHYDRATED FROM CONTINUOUS FITS OF DIARRHEA, IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT BEGGING-N-PLEADING TO DEFENDANT, DASCANI FOR MEDICAL CARE.

164. ON OR NEAR 11-7-14, DEFENDANT, MS. E. MATTES, PAC, SICK CALL, 8A 15 CELL, DEFENDANT, MS. MATTES DENIED PLAINTIFF MEDICAL CARE, BASED ON NON MEDICAL REASON

165. IN LIGHT OF CHRONIC AILMENTS CITED ABOVE DEFENDANT, MS MATTES ASSESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE IN-DIFFERENCE, DECLARED SHE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE, TO PENALIZE PL-AINTIFF FOR SUING THE WARDEN-N-Sgt-GREENE MEDICAL STAFF, SHE THOUGHT PLAINTIFF WOULD BE DEAD ALREADY

167. DEFENDANT, MS. MATTES CONDUCTED NO CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR-N-STOOL SAMPLES.

168. DEFENDANT, MS. MATTES WALKED AWAY LEAVING PLAINTIFF WEAK-N-DEHYDRATED, UNABLE TO EAT WITHOUT CAUSING FITS OF DIARRHEA, IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT.

169. ON OR NEAR 11-14-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, 8A 15 CELL, DEFENDANT, PARK DENI-ED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

STATEMENT OF CLAIMS          (31)          W.V.G 2:15-1031

170. PLAINTIFF TOE NAILS OOZING PUS-N-BLOOD, NEAR BLIND IN RIGHT EYE, AND CHRONIC AILMENTS CITED ABOVE, DEFENDANT, PARK ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE IN DIFFERENCE DECLARED, BUT YOU'RE OUT OF LUCK IF YOU EXPECT ME TO HELP YOU, I AM PENALIZING YOU FOR SUING ME, YOU CAN DIE FOR WHAT I CARE, YOU ARE DENIED MEDICAL CARE, DEFENDANT, PARK TOLD PLAINTIFF

171. DEFENDANT, PARK DID NOT CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE, -N- PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR -N- STOOL SAMPLES.

172. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF WITH HIS TOENAILS DISCHARGING PUS -N- BLOOD NEAR BLIND IN RIGHT EYE, UNABLE TO EAT WITHOUT EXPERIENCING A FIT OF DIARRHEA, DEHYDRATED -N- WEAK, IN NON STOP EXCRUCIATING PAIN -N- EXTREME DISCOMFORT, BEGGING DEFENDANT, PARK FOR MEDICAL CARE.

173. ON OR NEAR 1-24-14, DEFENDANT, P. DASCANI, DOCTOR, SICK CALL, BA 15 CELL, DEFENDANT, DASCANI DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

174. PLAINTIFF ANKLES SWOLLEN TO SUCH A DEGREE PLAINTIFF WAS FORCED TO WALK WITH PAIN; AND CHRONIC AILMENT CITED ABOVE; DEFENDANT, DASCANI PROFESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING SCI-GREENE WARDEN -N- MEDICAL STAFF

175. DEFENDANT, DASCANI, INSTRUCTED PLAINTIFF TO REMOVE ALL CLOTHEN, AND MAKE SEXUAL SEDUCTIVE POSES

176. DEFENDANT, DASCANI WALKED AWAY LEAVING PLAINTIFF NUDE, WITH ANKLES SWOLLEN TO NEAR TWICE THEIR SIZE MAKING IT PAINFUL TO STAND OR WALK, IN NON STOP EXCRUCIATING PAIN -N- EXTREME DISCOMFORT BEGGING DEFENDANT, DASCANI FOR MEDICINES FOR PAIN

177. ON OR NEAR 12-9-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, BA 15 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

178. DEFENDANT, PARK ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE FOR DISCHARGE OF PUS-N-BLOOD FROM RIGHT EYE -N- LOSS OF EYE SIGHT IN RIGHT EYE, AND CHRONIC AILMENT CITED ABOVE; THEN HE RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM

179. DEFENDANT, PARK DID NOT CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE,

STATEMENT OF CLAIM

WVB 2:15-1031

179. BREATHING PATTERN, HEART RATE, -N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, PAPSMEAR, SWAB -N- STOOL SAMPLES

180. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF WITH A DISCHARGE OF PUS-N-BLOOD FROM HIS RIGHT EYE-N-UNABLE TO SEE OUT OF RIGHT EYE, UNABLE TO EAT WITHOUT EXPERIENCING A FIT OF DIARRHEA, IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT BEGGING DEFENDANT, PARK FOR EYE DROPS WHICH HE DENIED

181. ON OR NEAR 12-10-14, DEFENDANT, MS, F, MATTES, PAQ, SICK CALL, GA 15 CELL, DEFENDANT, MS. MWAURA -N-MS, -N- E, MWAURA MATTES DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

182. DEFENDANTS, MS, MATTES-N-MS. MWAURA ACKNOWLEDGED THEY FULLY UNDERSTOOD PLAINTIFF UN-ABLE TO SEE OF RIGHT EYE, WITH RIGHT EYE DISCHARGING PUS-N-BLOOD, ANKLES SWOLLEN TO NEAR TWICE THEIR SIZE WHEREIN WALKING OR STANDING WAS PAINFUL, AND CHRONIC AILMENT CITED ABOVE; WAR-RANTED IMMEDIATE EMERGENCY MEDICAL CARE.

183. THEN DEFENDANTS, MS, MATTES-N-MS, MWAURA RESPONDED WITH DELIBERATE INDIFFERENCE DECLAR-ED THEY WERE NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING THE WAR-DEN -N-SCI-GREENE MEDICAL STAFF, "YOU THINK YOU'RE EXPERIENCING NON STOP EXCRUCIATING IN-TESTINAL GRIPE -N-DIARRHEA, NOW WE'RE GOING TO TEACH YOU ABOUT SUING SCI-GREENE MEDICAL STAFF.

184. WHAT FOLLOWS IS DEFENDANT, MS, MATTES-N-MS, MWAURU PRESCRIBED THAT PLAINTIFF BE GIVEN ALL THREE MEALS ON A DAILY BASIS CONSISTING OF ONLY FOODS DEFENDANTS, MS, MATTES-N-MS, MWAURA KNEW IN ADVANCE WOULD EXACERBATE PLAINTIFF INTESTINAL GRIPE-N-DIARRHEA.

185. DEFENDANTS, MS, MATTES-N-MS, MWAURA DIDN'T EVEN CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD UR-INE, SWAB, PAPSMEAR -N-STOOL SAMPLES

186. DEFENDANTS, MS, MATTES-N- MS, MWAURA WALKED AWAY LEAVING PLAINTIFF BLIND IN RI-GHT EYE WHICH DISCHARGED PUS-N-BLOOD, FORCED TO WALK-N-STAND WITH PAIN DUE TO SWOLLEN ANKLES, IN NON STOP EXCRUCIATING PAIN -N-EXTREME DISCOMFORT BEGGING DEFENDANTS, MS, MATTES-N-MS, MWAURA FOR EYE DROPS-N- PAIN MEDICINES, WHICH HE NEVER RECEIVED

187. ON OR NEAR 12-15-14, DEFENDANT, M, PARK, DOCTOR, SICK CALL, GA 15 CELL, DEFENDANT,

PARK DENIED PLAINTIFF MEDICAL CARE, BASED ON NON MEDICAL REASONS.

188. DEFENDANT, PARK PROFESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE FOR DISCHARGE OF PUS-N-BLOOD FROM RIGHT EYE-N-LITTLE OR NO EYE SIGHT IN RIGHT EYE, AND CHRONIC AILMENTS CITED ABOVE; THEN HE RESPONDED WITH DELIBERATE INDIFFRENCE, DECLARED, HE WOULDNT PROVIDE PLAINTIFF MEDICAL CARE EVEN IF IT CAUSED PLAINTIFF DEATH, BECAUSE HE WAS PENALIZING PLAINTIFF FOR SUING HIM; DEFENDANT, PARK DENIED MEDICAL CARE.

189. DEFENDANT, PARK, DID NOT CONDUCT A CURSORY CHECK OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR-N-STOOL SAMPLES

190. DEFENDANT, PARK, WALKED AWAY LEAVING PLAINTIFF UNABLE TO SEE OUT OF HIS RIGHT EYE WHICH OOZED PUS-N-BLOOD, IN NONSTOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT, BEGGING DEFENDANT, PARK FOR EYE DROP, WHICH DEFENDANT, PARK DENIED

191. ON OR NEAR 12-17-15, DEFENDANTS, MS, E, MATTES, PAOS, ~-N-MS, E MWAURA ~~~~~~ @A 15 CELL, UNREQUESTED VISIT DEFENDANT, MS, MWAURA-N-MS, MATTES DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

192. PLAINTIFF IN DETAIL MADE DEFENDANTS MS, MATTES ~-N-MS, MWAURA AWARE THAT THE DIET WHICH THEY ~~ PRESCRIBED FOR HIM, WITHOUT HIM REQUESTING-N-AGAINST HIS CONSET, WAS CAUSING PLAINTIFF INTESTINAL GRIPE TO BE EXACERBATED-N-MORE OCCURRANCES OF VIOLENT DIARRHEA, AND THE DIET BE DISCONTINUED AT ONCE. DEFENDANTS, MS, MATTES-N-MS MWAURA, BOTH ACKNOWLEDGED THEY fully ~~~~~~, UNDERSTOOD

193. DEFENDANTS, MS, MATTES-N-MS, MWAURA RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED, WE KNOW YOU ARE NOW CURRENTLY RECEIVING THE DIET WE PRESCRIBED FOR YOU THREE TIMES A DAY. YOU ARE EXPERIENCING EVEN MORE PAIN BECAUSE OF IT, THAT'S GOOD, . . THAT WAS THE PURPOSE OF PRESCRIBING THIS PARTICULAR DIET FOR YOU", WE ARE GOING TO TEACH YOU A LESSON ABOUT SUING SCI-GREENE MEDICAL STAFF

194. ACCORDING TO DEFENDANTS, MS, MATTES-N-MWAURA, WHEN PLAINTIFF SUED MEMBERS OF SCI-GREENE MEDICAL STAFF PLAINTIFF SUED THEM, TOO, AT THE SAME TIME.

195. PLAINTIFF AGAIN BEGGED THEM TO STOP THIS DIET, DEFENDANTS, MS, MATTES-N-

MS. MWAURA RESPONDED WITH DELIBERATE INDIFFERENCE, HELD UP THE MIDDLE FINGER ON BOTH HAND WALKED AWAY LAUGHING OUT LOUD. DEFENDANTS, MS. MATTES-N-MS. MWAURA DID NOT DISCONTINUE THIS DIET. BASED ON NON MEDICAL REASON, DEFENDANTS, MS. MATTES-N-MWAURA ACTED IN CONCERT TO PENALIZE PLAINTIFF FOR SUING THE WARDEN-N-SCI-GREENE MEDICAL STAFF, BY DENYING PLAINTIFF MEDICAL CARE

196. ON OR NEAR 12-22-14, DEFENDANTS, P. DASCANI-N-MS, E. MWAURA, DOCTOR-N-PACS, SICK CALL, BA 15 CELL, DEFENDANTS, DASCANI-N-MS, MWAURA DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

197. CHRONIC AILMENTS CITED ABOVE, DEFENDANTS, MR. DASCANI-N-MS. MWAURA ACKNOW-LEDGED THEY FULLY UNDERSTOOD; PROFESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, RESPONDED WITH DELIBERATE INDIFFERENCE

198. DEFENDANTS, DASCANI-N-MS. MWAURA DECLARED, "YEA, YOU NEED IMMEDIATE EMERGENCY MEDICAL CARE, SO WHAT, YOU WON'T GET ANY MEDICAL CARE FROM US, WE ARE PENALIZING YOU FOR SUING THE WARDEN-N-SCI-GREENE MEDICAL STAFF," TALKING OVER PLAINTIFF AS THEY SPOKE. PLAINTIFF BEGGED FOR MEDICINE TO RELIEVE HIS PAIN, DEFENDANTS, MS. MWAURA-N-DASCANI, BOTH USED BOTH HANDS TO RAISE THE MIDDLE FINGER OF EACH HAND, HELD UP TO PLAINTIFF FACE, WITH A TWISTING MOTION

199. DEFENDANTS, DASCANI-N-MS, MWAURA, DID NOT MAKE CURSORY EXAM OF BLOOD, TEMPER-ATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB WORK ON BLOOD, URINE, SWAB, PAP SMEAR-N-STOOL SAMPLES

200. DEFENDANTS, DASCANI-N-MS. MWAURA WALKED AWAY LEAVING PLAINTIFF BEGGING FOR MEDICAL CARE, IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT, FITS OF ONGOING DIARRHEA, NEAR BLIND IN RIGHT EYE.

201. ON OR NEAR 12-23-14, DEFENDANTS, MS. E. MWAURA, PACS-N-B JIN, DOCTOR, DE-FENDANTS, MS. MWAURA-N. JIN, DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

202. PLAINTIFF PROVIDED A DETAIL DESCRIPTION OF CHRONIC AILMENTS CITED ABOVE; DE-FENDANTS, MS. MWAURA-N-JIN, TALKING OVER PLAINTIFF TO DECLARE, PLAINTIFF

STATEMENT OF CLAIMS:                    (35)                    W.V. @ 2:15-1031

NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, WHOOPEE DO; THEY WERE NOT PROVIDING PLAINTIFF MEDICAL CARE. PLAINTIFF WAS IN PAIN-N-SUFFERING, THAT IS EXACTLY WHAT THEY WANTED, BECAUSE THEY WERE PENALIZING PLAINTIFF FOR SUING DEFENDANTS, JIN-N-SCI-GREENE MEDICAL STAFF

203. DEFENDANTS, MS. MWAURA-N-JIN, DIDN'T TAKE A CURSORY EXAM OF BLOOD, PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR-N-STOOL SAMPLES

204. DEFENDANTS, MS. MWAURA-N-JIN, RESPONDED TO PLAINTIFF REQUEST FOR MEDICINE TO EASE THE PAIN, WITH DELIBERAT INDIFFERENCE; BY USING BOTH HANDS HELD UP THEIR MIDDLE FINGER TO PLAINTIFF, DECLARED, ROTATE ON IT.

205. DEFENDANTS, MS. MWAURA-N-JIN, WALKED AWAY LEAVING PLAINTIFF IN NON STOP AGONIZING PAIN-N-DISCOMFORT, UNABLE TO AVOID THE EXPERIENCE OF FITS OF DIARRHEA, NEAR BLIND IN RIGHT EYE

206. ON OR NEAR 12-29-14; DEFENDANT, M. PARK, DOCTOR, SICK CALL, BA 15 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

207. BARELY ABLE TO STAND; AND CHRONIC AILMENTS CITED ABOVE, PROCLAIMED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE; RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WAS PENALIZING PLAINTIFF FOR SUING HIM, SO HE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE.

208. IN THE PROCESS OF BEGGING DEFENDANT, PARK TO PRESCRIBE FOR HIM MEDICINE FOR PAIN PLAINTIFF COLLAPSED WITH DEFENDANT, PARK LOOKING ON. DEFENDANT, PARK DIDN'T EVEN CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR-N-STOOL SAMPLES

209. DEFENDANT, M. PARK WALKED AWAY LEAVING PLAINTIFF SPRAWLED OUT ON THE FLOOR FACE DOWN GASPING FOR AIR, IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT,

210. ON OR NEAR 12-30-14, DEFENDANT, M. PARK, DOCTOR, SICK CALL, BA 15 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE. BASED ON NON MEDICAL REASON

211. DUE TO LACK OF STRENGTH PLAINTIFF HAD TO COME TO HIS DOOR BY PLACING HIS HANDS ON

THE WALL; AND CHRONIC AILMENT CITED ABOVE, WHEN DEFENDANT, PARK WITNESS THIS HE ASKED PLAINTIFF IF HE COULD STAND WITHOUT PLACING HIS HAND ON THE WALL; WHEN PLAINTIFF ANSWERED NO; DEFENDANT, PARK ASKED WHY, PLAINTIFF, ANSWERED, I AM TOO WEAK TO DO SO.

212. DEFENDANT, PARK DECLARED PLAINTIFF NEEDED, IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM

213. DEFENDANT, PARK DID NOT DO A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR-N-STOOL SAMPLES

214. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF TOO WEAK TO STAND WITHOUT PLACING BOTH HANDS ON THE WALLS; NEAR BLIND IN RIGHT EYE, IN NON STOP EXCRUCIATING PAIN.

215. ON OR NEAR 1-7-15, DEFENDANT, M PARK, DOCTOR, SICK CALL, GA 15 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

216. DEFENDANT, PARK PROFESSED PLAINTIFF CHRONIC AILMENTS CITED ABOVE WARRANTED IMMEDIATE EMERGENCY MEDICAL CARE; RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED HE WAS PENALIZING PLAINTIFF FOR SUING HIM, SO HE WOULD NOT PROVIDE MEDICAL CARE

217. DEFENDANT, PARK PROVIDED NO CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR-N-STOOL SAMPLES

218. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF IN NON STOP EXCRUCIATING PAIN-N-EXTREME DISCOMFORT

219. ON OR NEAR 1-8-15, DEFENDANT, M. PARK, DOCTOR, SICK CALL, GA 15 CELL. DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

220. CHRONIC AILMENTS CITED ABOVE ASSESSED BY DEFENDANT, PARK WARRANTED IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED, HE WOULD NOT PROVIDE MEDICAL CARE TO PENALIZE

PLAINTIFF FOR SUING HIM.

221. DEFENDANT, PARK DID NOT CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE, -N- PUPIL DILATION, NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR -N- STOOL SAMPLES

222. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF IN NON STOP EXCRUCIATING PAIN -N- EXTREME DISCOMFORT, STRUGGLING TO BREATHE, UNABLE TO EAT WITHOUT INCURRING FITS OF DIARRHEA

223. ON OR NEAR 1-14-15, DEFENDANT, M. PARK, DOCTOR, SICK CALL, BA 15 CELL, DEFENDANT, PARK DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

224. ASSESSED CHRONIC AILMENTS CITED ABOVE WARRANTED IMMEDIATE EMERGENCY MEDICAL CARE, DEFENDANT, PARK RESPONDED WITH DELIBERATE INDIFFERENCE DECLARED HE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING HIM

225. DEFENDANT, PARK DID NOT MAKE A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE - PUPIL DILATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR -N- STOOL EXAMPLES

226. DEFENDANT, PARK WALKED AWAY LEAVING PLAINTIFF UNABLE TO WALK, UNABLE TO EAT WITHOUT EXPERIENCING DIARRHEA, IN A STATE OF NON STOP EXCRUCIATING PAIN -N- EXTREME DISCOMFORT

227. ON OR NEAR 1-21-15, DEFENDANT, MS, E, MWAURA, PACS, SICK CALL, BA 15. DEFENDANT, MS, MWAURA DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS.

228. EXPERIENCING NON STOP EXCRUCIATING PAINFUL INTESTINAL GRIPE MAKING SLEEP NEAR NON EXISTENTIAL FOR THE PAST FOUR STRAIGHT DAYS; AND CHRONIC AILMENTS CITED ABOVE;

229. DEFENDANT, MS, MWAURA ACKNOWLEDGED PLAINTIFF NEED IMMEDIATE EMERGENCY MEDICAL CARE, DECLARED SHE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE, TO PENALIZE PLAINTIFF FOR SUING THE WARDEN -N- SCI-GREENE MEDICAL STAFF.

230. DEFENDANT, MS, MWAURA, DECLARED, SHE IS A PROUD MEMBER OF SCI-GREENE MEDICAL STAFF WHEN PLAINTIFF SUED MEMBERS OF SCI-GREENE MEDICAL STAFF, SO PLAINTIFF SUED HER, TOO, SO SHE IS PENALIZING PLAINTIFF FOR DOING SO.

231. PAIN SO GREAT PLAINTIFF HAD DIFFICULTY STANDING WITHOUT THE AID OF LEANING AGAINST THE DOOR OR THE WALL

232. DEFENDANT, MS. MWAURA WAS ASKED BY PLAINTIFF TO GIVE HIM MEDICINE FOR PAIN, DEFENDANT, MS. MWAURA RESPONDED WITH DELIBERATE INDIFFERENCE, LAUGHED, AND SAID YOU ARE IN PAIN, I'M GLAD OF IT

234. DEFENDANT, MS. MWAURA, DIDN'T CONDUCT A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE -N- PUPIL DILATION, NO LAB TEST OF BLOOD, URINE, PAPSMEAR, SWAB -N- STOOL SAMPLES

235. DEFENDANT, MS. MWAURA WALKED AWAY AS SHE RAISED THE MIDDLE FINGER OF BOTH HANDS LEAVING PLAINTIFF ALSO WEAK HER CAN ONLY STAND WITH SUPPORT OF HIS WALL -N- DOOR, IN NON STOP EXCRUCIATING PAIN -N- EXTREME DISCOMFORT, UNABLE TO EAT WITHOUT EXPERIENCING DIARRHEA

236. ON ON NEAR 1-28-15, DEFENDANT, MS. E, MWAURA, PACS, SICK CALL, GA 15 CELL. DEFENDANT, MS. MWAURA DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

237. PLAINTIFF TOE NAILS OOZED PUS -N- BLOOD TO SUCH EXTENT IT STAINED THE TOP OF HIS SNEAKERS, AND CHRONIC AILMENTS CITED ABOVE, DEFENDANT MS. MWAURA ACKNOWLEDGED SHE FULLY UNDERSTOOD, PROFESSED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE, RESPONDED WITH DELIBERATE INDIFFERENCE, DECLARED SHE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING SCI-GREENE MEDICAL STAFF, HER FAMILY

238. DEFENDANT, MS. MWAURA DIDN'T MAKE A CURSORY EXAM OF BLOOD, TEMPERATURE, BREATHING PATTERN, HEART RATE -N- PUPIL DILATION, NO LAB TEST ON BLOOD, URINE, SWAB, PAPSMEAR -N- STOOL SAMPLES

239. DEFENDANT, MS. MWAURA WALKED AWAY LEAVING PLAINTIFF WITH PUS -N- BLOOD OOZING FROM HIS TOE NAILS, UNABLE TO EAT WITHOUT EXPERIENCING DIARRHEA, IN NON STOP EXCRUCIATING PAIN -N- DISCOMFORT.

240. ON OR NEAR 2-4-15, DEFENDANT, MS. E, MATTES, PACS, SICK CALL, GA-15 CELL, DEFENDANT, MS. MATTES DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASON

241. NON STOP EXCRUCIATING PAINFUL INTESTINAL GRIPE TO SUCH A DEGREE PLAINTIFF WAS FORCED TO WALK BENDING AT THE WAIST, AND WHILE SHARING THIS CONVERSATION WITH DEFENDANT, MS. MATTES, PLAINTIFF COLLAPSED, AND CHRONIC AILMENT CITED ABOVE, DEFENDANT, MS, MATTES WITNESSED PLAINTIFF CONDITION, ACKNOWLEDGED PLAINTIFF NEEDED IMMEDIATE EMERGENCY MEDICAL CARE ~~[struck out]~~ THEN RESPONDED WITH DELIBERATE INDIFFERENCE

292. DEFENDANT, MS. MATTES DECLARED SHE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING MEMBERS OF SCI-GREENE MEDICAL STAFF

293. DEFENDANT, MATTES, DID NOT TAKE A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE -N- PUPIL DILIATION, NON LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR-N-STOOL SAMPLES.

294. DEFENDANT, MS. MATTES WALKED AWAY LEAVING PLAINTIFF IN SO MUCH PAIN NON STOP HE WAS UNABLE TO STAND WITHOUT BENDING AT THE WAIST UNABLE TO EAT WITHOUT INCURRING DIARRHEA.

295. ON OR NEAR 2-1815, DEFENDANT, MS. E. MATTES, PACS, SICK CALL, GA 15 CELL, DEFENDANT, MS. MATTES DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

296. COMPLETE LOSS OF EYE SIGHT IN RIGHT, AND CHRONIC AILMENTS CITED ABOVE, DEFENDANT, MS. MATTES ACKNOWLEDGED SHE FULLY UNDERSTOOD, PROFESSED PLAINTIFF NEEDED IMMEDIATE, EMERGENCY MEDICAL CARE, BUT RESPONDED WITH DELIBERATE INDIFFERENCE

297. DEFENDANT, MS. DECLARED, SHE WANT PLAINTIFF TO GO ON EXPERIENCING PAIN PAIN, DEFENDANT, MS. MATTES BEGIN TO CLAP-N-LAUGH UNCONTROLLABLY, YES, YOU'RE IN PAIN, THAT'S WHAT I WANT IS YOU SUFFERING IN UNREMITTED PAIN. DEFENDANT, MS. MATTES, SHOUTED I WILL SEE TO IT THAT YOU CONTINUED TO BE IN PAIN. DECLARED, SHE WAS NOT PROVIDING PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING THE WARDEN-N-SCI-GREENE MEDICAL STAFF

298. DEFENDANT, MS. MATTES DIDN'T MAKE A CURSORY EXAM OF BLOOD PRESSURE, TEMPERATURE, BREATHING PATTERN, HEART RATE-N-PUPIL DILIATION; NO LAB TEST ON BLOOD, URINE, SWAB, PAP SMEAR-N- STOOL SAMPLES

299. DEFENDANT, MS. MATTES WALKED AWAY HOLDING UP THE MIDDLE FINGER ON BOTH HANDS, LEAVING PLAINTIFF BLIND IN RIGHT EYE, UNCHAINED DIARRHEA, IN NON STOP EXCRUCIATING PAIN -N- EXTREME DISCOMFORT

300. ON OR NEAR 2-23-15, DEFENDANT, MS. E. MWAURA, PACS, SICK CALL, GA 15 CELL, DEFENDANT, MS. MWAURA DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS

301. CHRONIC AILMENT CITED ABOVE DEFENDANT, MS. E. MWAURA ACKNOWLEDGED PLAINTIFF WARRANT IMMEDIATE EMERGENCY MEDICAL CARE, THEN RESPONDED WITH DELIBERATE INDIFFERENCE DECLARE SHE WOULD NOT PROVIDE PLAINTIFF MEDICAL CARE TO PENALIZE PLAINTIFF FOR SUING SCI-GREENE MEDICAL STAFF AND THE WARDEN

302. DEFENDANT, MS. MWAURA DECLARED, TO PLAINTIFF, "YOU CAN DIE FOR WHAT I