# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY UNSELD WASHINGTON, | ) | |
| | ) | Civil Action No. 15 – 1031 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Terrence F. McVerry |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| ROBERT D. GILMORE, *et al*., | ) | |
| | ) | ECF Nos. 50 and 54 |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM ORDER**

Pending before the Court is a Motion for More Definite Statement (ECF No. 50) and a Motion for Extension of Time filed by Plaintiff (ECF No. 54). The Court finds that Plaintiff's Complaint fails to comply with the pleading requirements established by Rules 8, 10 and 20 of the Federal Rules of Civil Procedure. It is therefore necessary for Plaintiff to file an amended complaint that is compliant with the Federal Rules and the following instructions.[1] As Plaintiff has requested an extension of time which he states is to file a Reply to the Motion but then states that he is "renumbering his statement of claims in chronological order, starting at paragraph 768. He also asks for 180 days to complete this. In light of all of this, the Court will therefore grant both the Motion for a More Definite Statement and Plaintiff's Motion for Extension of Time. Plaintiff is Ordered to file an Amended Complaint. The amended complaint must comply with the following instructions:

---

[1] Plaintiff's Complaint currently consists of 110 handwritten pages with 787 individually numbered paragraphs. (ECF Nos. 9 and 12.) He names 27 defendants, including 21 SCI-Greene corrections officers and staff, along with various medical providers at SCI-Greene.

1

## I. Instructions for Filing an Amended Complaint

**A. Caption and Heading**

Plaintiff must place his full name at the top of the amended complaint. Plaintiff must also add the names of **each** defendant. Plaintiff must name as defendants **only** those persons who are responsible for the alleged constitutional violation(s).[2]

**B. Jurisdiction**

Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

**C. Parties**

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for **each** defendant named in the amended complaint, Plaintiff should list their current address and description of their employment. In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

Furthermore, Plaintiff must comply with **Federal Rule of Civil Procedure 20(a)**, which allows multiple defendants to be joined in one action **if a claim against those defendants arises out of the same transaction or occurrence** and presents **questions of law or fact common to**

---

[2] Plaintiff should be aware that a defendant in a 42 U.S.C. § 1983 action "must have personal involvement in the alleged wrong; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 437 n.3 (1981)).

**all**.  The mere fact that all defendants are employees at SCI-Greene and all events occurred at SCI-Greene is not a sufficient basis for proper joinder under Fed. R. Civ. P. 20(a).  Moreover, conclusory allegations of conspiracy and "patterns" of retaliation do not create a common issue of law or fact.  **If Plaintiff fails to comply with this Rule then the Court will consider only the first set of related claims and strike the remainder of the amended complaint.**

D.    **Statement of Claim**

Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated.  It is improper for Plaintiff to merely list constitutional rights or federal rights.  Plaintiff must provide a description of how the defendant(s) violated his rights.

E.    **Statement of Facts**

Plaintiff must provide specific details of precisely how his civil rights were allegedly violated.  Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983.  Plaintiff should clearly describe how **each named defendant** is involved in the alleged constitution violation(s).  This description should include references to relevant **dates, times, and locations**.  It should explain to the Court what happened by specifically describing **each** defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations.  Plaintiff should not include legal argument in his amended complaint.  Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial.  However, Plaintiff should be specific about the particulars of the event, **each** defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be clearly and specifically described; it should include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident.

**NOTE: THIS SECTION SHOULD NOT BE JUST A CHRONOLOGIAL LIST OF DATES WITH DESCRIPTIONS AS TO WHAT HAPPENED TO PLAINTIFF ON EACH DATE.**

F.  **Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

G.  **Previous Lawsuits**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

H.  **Exhaustion of Administrative Remedies**

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning prison conditions.

I.  **Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered. However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

**J.** **The Amended Complaint shall be no longer than forty (40) pages in length.**

**K.** **Declaration Under Penalty of Perjury**

Plaintiff must sign his amended complaint and file it with the Clerk of the Court. When doing so, Plaintiff is making a declaration under law to the Court that everything in the amended complaint is true. Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading information, etc. These sanctions or penalties can take many forms including, but not limited to, dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

**AND NOW**, this 7th day of June 2016;

**IT IS HEREBY ORDERED** that Defendants' Motion for More Definite Statement (ECF No. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (ECF No. 54) is **GRANTED** to the extent that Plaintiff shall have until **August 8, 2016** to file his amended complaint pursuant to the above instructions. Plaintiff shall clearly mark his complaint "Amended Complaint". The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. The amended complaint shall be **no longer than forty (40) pages** in length. If Plaintiff fails to comply with this Order then the undersigned will recommend that this action be dismissed for his failure to prosecute.

_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

cc:　Henry Unseld Washington
　　　AM-3086
　　　S.C.I. Somerset
　　　1600 Walters Mill Rd
　　　Somerset, PA  15510

　　　Counsel for Defendants
　　　*Via CM/ECF electronic mail*