IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY UNSELD WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1031 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ROBERT D. GILMORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion for Reconsideration (Doc. 217) regarding the Final Pretrial Order will be denied. His requests and grievances will be addressed, paragraph by paragraph, below.

The first substantive paragraph, No. 4, claims that certain of Plaintiff's legal materials have been "commandeered" by prison staff. Such complaints are not a part of this lawsuit, nor has Plaintiff demonstrated that any allegedly-withheld materials are necessary for the purposes of trial preparation. The remaining claims in this case are narrow. The only claims to be tried relate to Plaintiff's allegation that Defendants sexually harassed and/or assaulted him between the years 2013 and 2015. At bottom, the case is one of, "he said, they said." If documentary evidence is relevant to the inquiry, Plaintiff certainly has not identified any. Accordingly, Plaintiff's objection is overruled.

Paragraph 5 requests the Court to supply copies of the Local Rules and the undersigned's Practices and Procedures. The Court does not know whether Plaintiff has access to the internet, but, if so, the materials are available online. Regardless, the Court has no recognized procedures through which copies of legal sources may be supplied to pro se litigants. The objection is overruled.

Case 2:15-cv-01031-CB   Document 218   Filed 03/29/23   Page 2 of 3

Paragraph 6 recounts physical and mental impairments allegedly suffered by Plaintiff. Unfortunately, the Court has no control over these matters. Proceeding to trial is the only way for Plaintiff to continue with this lawsuit, and if he does not believe himself to be physically and/or mentally fit to proceed, he may file with the Court a motion to voluntarily dismiss the case, and may request that any appellate rights be preserved. Unless he so moves, the trial will proceed as scheduled.

In paragraph 7, Plaintiff requests legal advice regarding what information is required in a *Daubert* motion, and in proposed voir dire (*i.e.*, questions posed by counsel or a pro se litigant to potential jurors). Other than indicating that *Daubert* motions (seeking to exclude the presentation of expert testimony) are not mandatory, and often are inapplicable or not pursued, the Court is not permitted to give legal advice, even to pro se litigants. Although Plaintiff may disagree that his inquiries seek legal advice, the phrase has meaning beyond common understanding, and Plaintiff's requests definitely fall within that category.

For the reasons set forth above, Plaintiff's Motion for Reconsideration (**Doc. 217**) is **DENIED**.

IT IS SO ORDERED.

March 29, 2023                                         s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record

2

cc (via First-Class U.S. Mail):

Henry Unseld Washington
AM-3086
SCI Somerset
1600 Walters Mill Road
Somerset, PA  15510-0001