**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HENRY UNSELD WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1031 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ROBERT D. GILMORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

The Motions in Limine filed by the parties will be granted, as described below.

Plaintiff's Motion in limine (Doc. 234) seeks the preclusion of evidence regarding his sexual preference, his underlying crime(s), his life prior to incarceration, his own sexual conduct while in prison and other lawsuits he has brought against prison staff.  *Id.*  Defendants agree not to introduce such evidence in their case-in-chief, but they reserve their right to do so should Plaintiff "open the door" to the evidence in his own case.  Defendants' position is consistent with the law, and Plaintiff's Motion (**Doc. 234**) is **GRANTED**, subject to Defendants' reservation of rights.

Defendants' first Motion (Doc. 230) seeks the preclusion of evidence unrelated to the claims remaining in this case, namely, Plaintiff's allegations of sexual abuse and/or sexual harassment against Defendants Smith, Oswald, Farrier and Stump, on or about August 1, 2013, April 2, 2015 and July 14, 2015.  Defendants' characterizations of the remaining claims are accurate, and the evidence at trial will be so restricted.  To the extent that Plaintiff believes that other claims remain, he is incorrect.  And although Plaintiff has expressed a desire to expand

the evidence to other matters and incidents, that will not be permitted.  Defendants' first Motion in Limine (**Doc. 230**) is **GRANTED**.

Defendants' second Motion (Doc. 232) seeks the exclusion of certain exhibits listed in Plaintiff's Pretrial Narrative Statement.  Specifically, Defendants seek to preclude the DOJ's Report, from 2011-2012, regarding the "Sexual Victimization in Prisons and Jails Reported by [transgender] Inmates"; the Universal Declaration of Human Rights; the DOJ's "Investigation of the Pennsylvania Department of Corrections' Use of Solitary Confinement of Prisoners with Serious Mental Illness and/or Intellectual Disabilities"; and excerpts of Prison Rape Elimination Act, 34 U.S.C. §§ 30301, *et seq.*  The Court agrees with Defendants that none of these materials are relevant.  Even assuming the contrary, they are excludable under Federal Rule of Evidence 403, because their probative value (if any) is outweighed by the dangers of confusing the issues and misleading the jury.  Accordingly, Defendants' Motion (**Doc. 232**) is **GRANTED**.[1]

IT IS SO ORDERED.

May 24, 2023                                          s\Cathy Bisson
                                                              Cathy Bisson
                                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

Henry Unseld Washington
AM-3086
SCI Somerset
1600 Walters Mill Road
Somerset, PA  15510-0001

---

[1] The Court acknowledges Defendants' reservation of rights, in footnote 1 of Doc. 233.