IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY UNSELD WASHINGTON, ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No. 15-1031 | |
| ) | | |
| v. ) | Judge Cathy Bissoon | |
| ) | | |
| J.M. SMITH, T.S. OSWALD, ) | | |
| D. FARRIER and M. STUMP, ) | | |
| ) | | |
| Defendants. ) | | |

### ORDER OF JURY SELECTION PROCEDURE

Once the jury panel has been placed in the Courtroom, and following some introductory comments by the undersigned, the Courtroom Deputy will administer the following oath to the panel, *en banc*:

> "You and each of you do solemnly swear or affirm that any statement you make in this room in the case now trying shall be the truth, the whole truth, and nothing but the truth, and you do so under the pains and penalties of perjury."

Once the oath has been administered, the Courtroom Deputy/Law Clerk/Judge will then address the panel as follows:

"The caption of this case is Henry Unseld Washington, Plaintiff, versus J.M. Smith, T.S. Oswald, D. Farrier and M. Stump, Defendants, and the case is docketed at Civil Action Number 15-1031."

"I will now give you a brief overview of what this case is about. Plaintiff, Henry Unseld Washington, is an inmate in the custody of the Pennsylvania Department of Corrections. In this lawsuit, Plaintiff alleges that the Defendants, who are corrections officers with the Department of Corrections, subjected him to cruel and unusual punishment, by sexually abusing him, on three separate incidents, between the years 2013 and 2015. Defendants deny Plaintiff's claims."

For the questions that follow, the Courtroom Deputy/Law Clerk/Judge will inform the panel that "for the purposes of the questions asked today, 'immediate family' includes spouses, parents, grandparents, brothers, sisters, children, or anyone who is close to you."

The Courtroom Deputy/Law Clerk/Judge will then address the panel as follows: "Please stand and be prepared to recite your juror number if your answer is 'yes' to any of the following questions."

1. "The Plaintiff in this case is Henry Unseld Washington. Are any of you familiar with Mr. Washington?"

2. "Defendants in this case are Justin Smith, David Ferrier, Timothy Oswald and Michael Stump. Defendants are corrections officers, also commonly referred to as prison guards, employed by the Pennsylvania Department of Corrections. Are you familiar with any of the Defendants?"

3. "Defendants are represented by the following lawyers:
   • Scott A. Bradley; and
   • Amelia Jean Goodrich.

Mr. Bradley and Ms. Goodrich are lawyers with the Office of the Attorney General of Pennsylvania.  [Counsel will be asked to stand.]  Do any of you know Defendant's lawyers? Do any of you have a relationship with the Office of the Attorney General?"

4. "Have you heard or read anything about this case from any source, including, but not limited to, newspapers, radio, television, magazines or the internet?"

5. "Witnesses in this case, aside from Plaintiff and the Defendants, may be any or all of the following:

- Mark Howells, retired Corrections Officer, last employed at the State Correctional Institution, or 'SCI,' in Greene County, Pennsylvania; and;

- Ross Smith, Corrections Health Care Administrator, at SCI-Greene.

Do you know any of these witnesses?"

6. "Have any of you ever served as a juror in a civil or criminal case or as a member of a grand jury?"  [If so, ask the following: "When? Was that in federal court or state court? What was the nature of the case? What was the outcome of the case?"]

7. "Have either you or any member of your immediate family ever been incarcerated in a county, state, federal or military prison or jail?"  [If answer is "yes," Courtroom Deputy continues:]  "Would this interfere with your ability to consider the evidence in this case in a fair and open-minded way?"

8. "Have you or any member of your immediate family ever been employed by the Pennsylvania Department of Corrections, the United States Bureau of Prisons or any other state, county, municipal or United States military prison or jail system?"

9. "Have you or any member of your immediate family ever participated in the activities of a prison reform group or similar organization whose activities involve improving prison conditions?"

10. "Are you either more likely, or less likely, to believe the testimony of a corrections officer, as opposed to the testimony of any other witness, based solely on the fact that he or she is employed as a corrections officer?"

11. "Do you have any belief or feeling, for or against, the Pennsylvania Department of Corrections, or corrections officers in general, that might prevent you from being a fair and impartial juror in this case?"

12. "In this case, Plaintiff is an incarcerated person. Under the Constitution, incarcerated persons have the right to be free from cruel and unusual punishment. Do you have any feelings or beliefs that would make you unable to accept this statement of the law?"

13. "Do you think that an incarcerated person should <u>not</u> be able to sue corrections officers and collect damages if the evidence shows that the incarcerated person's constitutional rights were violated?"

14.     "If the evidence in this case showed that one or more of the Defendants violated Plaintiff's constitutional rights, do you have any reason to believe that you would have a problem returning a verdict in favor of Plaintiff?"

15.     "Do you have any health, hearing, or vision impairments, or any other personal limitations or issues, that would prevent you from serving as an effective juror?"

16.     "This trial is expected to take approximately two days, although it may continue into a third day.  Do any of you have a significant hardship or other compelling reason that would make it impossible for you to serve on the jury?"

17.     Is there any other matter that you believe should be called to the Court's attention regarding your ability to sit as a juror and render a fair and impartial verdict in this case?"

After these questions have been posed to the jury panel, the Court will break to entertain any obvious challenges for cause.  Follow any ruling on those challenges, the remaining prospective jurors will then <u>individually</u> answer the following questions:

1.      "What is your present occupation?"

2.      "Who is your employer?  (If you are retired, who was your last employer and what was your occupation?)"

3. "Are you married? If so, what is your spouse's occupation and who is your spouse's employer?"

4. "Do you have any adult children? Are they employed? By whom?"

5. "Is there any other reason you could not sit on a jury in this case and render a fair and impartial verdict, based on the evidence presented?"

After the parties have considered the panel's responses, each party will consider its challenges. The Court will call for a conference, at which point challenges for cause will be entertained, and jurors stricken for cause will be dismissed from the Courtroom. Once the for-cause challenges are resolved, the parties will exercise their peremptory challenges.

Of the first 14 jurors of the panel, Plaintiff and Defendants (collectively) are each granted three peremptory challenges (for a total of six peremptory challenges), with Plaintiff proceeding first. Each peremptory challenge will be labeled (*i.e.*, "P-1" is Plaintiff's first strike and "D-1" is Defendants' first strike). After each of Plaintiff's strikes, Defendants will make one strike.

Please note that, on the juror strike form, each juror's juror number will appear in parentheses next to the juror's name. On the form, the numbers that run along the left side of each name merely represent the juror's place on the list. While a juror's place on the list may coincidentally match their juror number, the parties must remember that the numbers in parentheses are the operative numbers for the purposes of jury selection.

Stricken jurors will be excused, and the jury will consist of the first eight panel members, in numeric sequence, that remain. The Court reserves the right to reduce peremptory challenges

should there be an insufficient number of jurors in the pool. Additionally, the Court reserves the right to proceed to trial with fewer than eight jurors should there be any need to excuse a seated juror for cause.

After the jury has been placed in the jury box, Defendants' counsel and Plaintiff will be asked if they approve of the selection process of the jury and the jury selected.

Prior to the beginning of testimony, the jury will be administered the following oath when the Judge is on the bench:

> "Do each of you solemnly swear or affirm that you will well and truly try the matters in issue now on trial, and render a true verdict, according to the law and the evidence, under the pains and penalties of perjury?"

After the entire case has been presented to the jury and they prepare to deliberate on the issues presented, the Courtroom Deputy will be sworn in as the Bailiff by the Law Clerk present, who will administer the following oath:

> "Do you solemnly swear to keep this jury together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor to do so yourself unless by order of the court or to ask whether they have agreed on a verdict, and to return them into Court when they have so agreed, or when ordered by the Court, under the pains and penalties of perjury?"

June 12, 2023                                              s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via hand-delivery from Court staff):

Henry Unseld Washington