IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY UNSELD WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1031 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ROBERT D. GILMORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion (Doc. 264) for amendment or relief from judgment, under Federal Rules 59 and 60, will be denied.

Plaintiff requests a new trial as to Defendants J. M. SMITH, D. FARRIER and M. STUMP, while wishing to keeping intact his judgment, on jury verdict, against Defendant T. S. OSWALD.  The Court entered Judgment as a Matter of Law in favor of Defendants J. M. SMITH, D. FARRIER and M. STUMP, under Federal Rule of Civil Procedure 50(a), because Plaintiff failed to present a legally sufficient evidentiary basis for the claims against them.  *See* text-Order dated Jun. 14, 2023 (Doc. 256) (memorializing ruling made on the record at trial).  At no point during Plaintiff's case did he offer any testimony or other evidence regarding these Defendants.  He failed to mention them.

There is a "general presumption against partial new trials," and one will be granted "only in those cases where it is plain" that error "has crept into one element of the verdict [that] did not in any way affect the determination of any other issue."  Elcock v. Kmart Corp., 233 F.3d 734, 758 (3d Cir. 2000) (citation to quoted source omitted).  Assuming there was error − which there was not – Plaintiff is unable to meet the high burden of showing that it did not in any way

affect the case against Defendant Oswald.  Thus, were Plaintiff able to establish that the Court committed error, the appropriate remedy would be a retrial of the case against *all* Defendants. Plaintiff's jury verdict against Defendant Oswald would be invalidated, and this result brings to mind the adage, "be careful what you wish for."

The Court need not indulge these issues further, however, because there was no error. Plaintiff failed to present *any* evidence in support of his claims against the other Defendants, and his Motion does nothing to refute that conclusion.  The mistake or excusable neglect standards under Rule 60(b) do not extend to failures at trial based on Plaintiff's lack of legal acumen.  And while some leniency is extended to pro se litigants, in terms of construing their court filings, the Court's duties do <u>not</u> extend to providing legal advice or assisting pro se litigants at trial.  <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 244-47 (3d Cir. 2013) (holding same).  In these regards, all parties before the Court are on equally footing.  *Id.* at 244 ("Judges must be impartial, and they put their impartiality at risk—or at least might appear to become partial to one side—when they provide trial assistance to a [pro se] party.") (citations omitted).[1]

Plaintiff's Motion (**Doc. 264**) lacks merit, and it is **DENIED**.

---

[1] Plaintiff's reference to the lack of a "*Kloiber* instruction," in this context, is meaningless. *Kloiber* is a creature of Pennsylvania criminal law, and it contemplates cautioning the jury regarding eyewitness testimony when the witness was "not in a position to clearly observe the assailant, . . . he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify [the] defendant on one or more prior occasions."  *See* <u>Jacobs v. Superintendent Mahanoy SCI</u>, 2023 WL 2525046, *4 (3d Cir. Mar. 15, 2023) (citing and quoting <u>Com. v. Kloiber</u>, 106 A.2d 820 (Pa. 1954)).  *Kloiber* is inapplicable.

IT IS SO ORDERED.

June 30, 2023                                s\Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge

cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

Henry Unseld Washington
AM-3086
SCI Somerset
1600 Walters Mill Road
Somerset, PA  15510-0001